Marcellette RILEY, Infant, by Arlizabeth Riley, her mother, Plaintiffs-Appellants,

v.

ADIRONDACK SOUTHERN SCHOOL FOR GIRLS and Dr. George H. Longstaff, Defendants-Appellees.

No. 74–1976.

United States Court of Appeals, Fifth Circuit.

Nov. 5, 1976.

Morris W. Milton, Petersburg, Fla., for plaintiffs-appellants.

Brian K. Landsberg and Judith E. Wolf, Civil Rights Division, Dept. of Justice, Washington, D. C., John L. Briggs, U. S. Atty., Jacksonville, Fla., amicus curiae, for the United States.

Donald E. Van Koughnet, Miami, Fla., for defendants-appellees.

Lawrence R. Metsch, Miami, Fla., amicus curiae, for Dade Christian Schools, Inc., and others.

Before BROWN, Chief Judge, TUTTLE, GEWIN, COLEMAN, GOLDBERG, AINSWORTH, GODBOLD, DYER, SIMPSON, MORGAN, CLARK, RONEY, GEE, TJOFLAT and HILL, Circuit Judges.*

TUTTLE, Circuit Judge:

This case, originally submitted after oral argument to a panel of this Court, was subsequently ordered reargued before the Court *en banc*, 522 F.2d 622 (5th Cir. 1975). Following the *en banc* argument the Court determined to defer consideration and decision of the case until the Supreme Court should decide the case of *Runyon v. McCrary* in which the Court had granted certiorari on November 11, 1975, 423 U.S. 945, 96 S.Ct. 354, 46 L.Ed.2d 276.

The *Runyon* case concerned a private non-sectarian, commercially operated school which denied admission to the plaintiff's children solely on account of their being black. The Supreme Court, therefore, began its opinion by stating:

> "The principal issue presented by these consolidated cases is whether a federal law, namely, 42 U.S.C. § 1981, prohibits private schools from excluding qualified children solely because they are Negroes."

—— U.S. ——, 96 S.Ct. 2586, 2590, 49 L.Ed.2d 415.

In this case the plaintiff complains that her daughter Marcellette was denied admission to the defendant commercially operated, non-sectarian private school because she was black in violation of 42 U.S.C. § 1981.

Careful consideration of the record, particularly the testimony of the owner and headmaster of the school, Dr. Longstaff, makes it plain that the trial court's finding of fact that "the plaintiff's race was *at least* one of the factors which *motivated* the

---

* Because of illness Judge Wisdom and Judge Thornberry did not participate in the hearing or in the consideration of this case.

defendant's action in denying Marcellette's admission to the school" (emphasis added) was clearly demanded by the evidence. Moreover, the only other "factor" upon which Dr. Longstaff's decision could have been based—that Marcellette was under six years of age [1]—was shown, without dispute, to have been no bar to the admission to the same class of a little white girl who was two months younger than the black child nor to the bar of an admission of a five year old white child during an earlier year.

Thus, when the director of the school firmly rejected Marcellette's admission the age "factor" which the defendant claimed had application to all alike was shown not to have been applied to blacks and whites alike.

Notwithstanding the limited question as stated by the Supreme Court in *Runyon*, quoted above, the Court subsequently stated the issues in the following terms:

> "Whether § 1981 prohibits private, commercially operated, non-sectarian schools from denying admission to prospective students because they are Negroes, and, if so, whether that federal law is constitutional as so applied."

—— U.S. at ——, 96 S.Ct. at 2592. The Court said:

> "It is now well established that § 1 of the Civil Rights Act of 1866, 14 Stat. 27, 42 U.S.C. § 1981 (1970), prohibits racial discrimination in the making and enforcement of private contracts."

—— U.S. at ——, 96 S.Ct. at 2593. It can hardly be gainsaid that racial discrimination arises where, as in the instant case as found by the trial court, race "was at least one of the factors which motivated the defendant's action in denying Marcellette's admission to the school." We conclude that this case is ruled by *Runyon* and the judgment of the trial court must be reversed.

The judgment of the trial court is REVERSED and the case is REMANDED for further proceeding not inconsistent with this opinion.

GEE, Circuit Judge, with whom TJOFLAT, Circuit Judge, joins (specially concurring):

I concur in the result reached by the majority. It is clear to me from the record, as illustrated by the references to it made in the majority opinion, that Marcellette Riley was denied admission to this school because of her race, that the other justifications offered were ex post facto and spurious, and that any conclusions below to the contrary were clearly erroneous. I would so hold.

---

1. The trial court also found that other factors "largely subjective" and "perhaps even arbitrary" were "the immaturity manifested by. her crying" and Mrs. Riley's antagonistic assertion of "her rights." The record clearly discloses that neither of these facts occurred until after the child had been refused admission: (1) Marcellette's examination in a room by herself, where the crying occurred, was given by Mrs. Longstaff not as *a test for her possible admis-* sion but, as Dr. Longstaff testified at the trial: "I did tell her that *even though it served no purpose as far as getting her into Adirondack Southern,* it still might be helpful for her to know her daughter's mental ability as indicated by one more test." (Emphasis added.) (2) There was obviously no mention by Mrs. Riley of "her rights" until after Marcellette had been denied admission.