Albert J. BURRIS, Plaintiff-Appellant,

v.

Zolon A. WILKINS, Sr., d/b/a Lexington
Apartments and Motor Inn,
Defendant-Appellee.

No. 76–3212
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Jan. 3, 1977.

Thomas H. Dixon, Dallas, Tex., for plaintiff-appellant.

Weldon Parkhill, Grand Prairie, Tex., for defendant-appellee.

Before GODBOLD, HILL and FAY, Circuit Judges.

PER CURIAM:

This is an action under the Fair Housing Act, 42 U.S.C. § 3604, brought by Albert Burris, a black American, against the operator of an apartment and motel complex. Mr. Burris alleged that the defendant's agent refused to rent him an apartment because of his race, in violation of the Fair Housing Act and the Civil Rights Act of 1866, 42 U.S.C. § 1982. After presentation of all of the evidence at a trial without jury, the trial court concluded that the plaintiff had not met his burden of proving that the refusal to rent him an apartment was due "solely because he was black"[1], and entered judgment for the defendant.

The plaintiff charges the trial court erred in enunciating an erroneous burden of proof. We agree and reverse, remanding to the trial court for application of the proper standard.

In *United States v. Pelzer Realty Company, Inc.*, 484 F.2d 438 (5th Cir. 1973), *cert. denied*, 416 U.S. 936, 94 S.Ct. 1935, 40 L.Ed.2d 286 (1974), we reversed a dismissal of a complaint and found a violation of the Fair Housing Act, stating:

> We need not and do not find that racial prejudice dominated [the mind of defendant's agent] during the negotiations. It is enough that race was one significant factor he considered in his dealings with the men.

484 F.2d at 443.

The burden of proof on the plaintiff in an action under the Fair Housing Act alleging race discrimination is, therefore, not that the refusal to rent was due solely because he was black, but that race was a significant factor. As the district judge in the proceedings below was the trier of fact, we remand to him for reconsideration based on the proper standard enunciated above.

Nothing herein should be taken as an indication that this Court is ruling on the merits. Our concern here is that the facts

---

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir. 1970, 431 F.2d 409. Part I.

1. Memorandum Opinion. Appendix at 26–29.

be determined in accordance with the controlling principle of law.

Reversed and remanded.