**Larry J. PAYNE, Plaintiff-Appellant,**

v.

**Mr. Victor C. BRACHER and Mrs. Victor C. Bracher, Defendants-Appellees.**

No. 78–1107
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Oct. 11, 1978.

Leon S. Hirsch, Houston, Tex., for plaintiff-appellant.

Dan R. Wolfe, Houston, Tex., for defendants-appellees.

Before THORNBERRY, GODBOLD and RUBIN, Circuit Judges.

ALVIN B. RUBIN, Circuit Judge:

This case involves claims of racial discrimination brought under the Fair Housing Act of 1968, 42 U.S.C. §§ 3610 and 3612, and under 42 U.S.C. §§ 1982, 1985, and 1986. Because the court below applied erroneous legal standards in dismissing the action, we reverse and remand for further proceedings.

Appellant Payne alleges that he rented an apartment owned by the Brachers from their maintenance man, but that the Brachers had the lock changed before he was able to move in and rented the apartment to a white couple. Although Payne claims that

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

# 18

Mr. Bracher made statements to him suggesting a racial motive behind the incident, the Brachers contend that their action was not discriminatory. The real reason, they assert, was that the maintenance man had no authority to rent the apartment; Payne had not signed a lease agreement, and he had left neither the required references nor the first month's rent.

After initiating this action, Payne filed a charge with the Secretary of Housing and Urban Development and, more than 30 days later, he amended his complaint to allege compliance with the prerequisites of Section 3610. Nevertheless, on September 13, 1977, the district court granted defendants' motion to dismiss as to the Fair Housing Act claims. Later proceedings, however, apparently ignore this dismissal.[1] Thereafter, on November 22, 1977, the case proceeded to trial. Following the close of plaintiff's case, the court dismissed the plaintiff's claims on the merits because, as the trial judge stated in his oral reasons, the plaintiff had failed to meet "the burden of proof of proving . . . that the apartment wasn't rented to him *solely* because of discrimination." (Emphasis added).[2] For the reasons set forth below, the dismissals were in error.

 Dismissal of claims brought under the Fair Housing Act of 1968, 42 U.S.C. §§ 3610 and 3612, for failure of the plaintiff to establish that his denial of housing was motivated *solely* by discrimination was erroneous. *See United States v. Pelzer Realty Co., Inc.,* 5 Cir. 1973, 484 F.2d 438, *cert. denied,* 1974, 416 U.S. 936, 94 S.Ct. 1935, 40

L.Ed.2d 286; *Burris v. Wilkins,* 5 Cir. 1977, 544 F.2d 891. Making the case turn on showing discrimination as the sole reason for otherwise reprobated action has also been rejected as a test in this Circuit in cases involving 42 U.S.C. §§ 1981 and 1982. *See Riley v. Adirondack Southern School for Girls,* 5 Cir. 1976, 541 F.2d 1124 [Section 1981]; *Sorenson v. Raymond,* 5 Cir. 1976, 532 F.2d 496 [Section 1982]; *Gore v. Turner,* 5 Cir. 1977, 563 F.2d 159 [Sections 1981, 1982, and 3612]; *Burris v. Wilkins, supra* [Section 1982 and Title VIII].

We find that application of the "discrimination-as-sole-reason" standard to a suit under 42 U.S.C. §§ 1982, 1985, and 1986 is no more justifiable. Congress has made clear its intent that the race of a tenant is not to be considered in any way when he seeks to rent an apartment; the presence of other factors also motivating the refusal to rent cannot under any statutory provision justify racial discrimination. *Cf. Smith v. Sol D. Adler Realty Co.,* 7 Cir. 1970, 436 F.2d 344, 349–50.

REVERSED and REMANDED.

---

1. In the pretrial order, dated November 21, 1977, signed by counsel for each of the parties and the trial judge, statements are made that, "Jurisdiction is conferred under . . . the Fair Housing Act of 1968 . . . . ;" that the defense to this claim is the plaintiff's failure to exhaust his administrative remedies under a City of Houston ordinance and "federal cases delineating exhaustion of administrative remedies;" and the parties agree that subject to these disputed issues "this Court has jurisdiction under the Fair Housing Act . . . . ." The court's findings and conclusions do not refer to the jurisdiction issue with respect to the Fair Housing Act claims but do state, "There is no violation of the Fair Housing Act of 1968 as alleged."

2. The trial court's findings related to the merits of the claims, as do the issues briefed on appeal. Therefore, we pretermit the issues pertaining to exhaustion of administrative remedies under the Fair Housing Act of 1968. If jurisdiction of those claims is contested, then a proper record should be made with respect to them, and an appropriate order or judgment should be entered.