**Deborah L. BILLS, Appellant,**

**and**

**Nancy D. Fahnley, Plaintiff,**

**v.**

**Joseph H. HODGES, Sr., Appellee.**

**No. 78–1302.**

United States Court of Appeals, Fourth Circuit.

Argued July 10, 1979.

Decided July 30, 1980.

John O. Goss, Norfolk, Va., (Louis A. Sherman, Tidewater Legal Aid Society, Norfolk, Va., on brief), for appellant.

No argument by appellee.

Before RUSSELL, Circuit Judge, FIELD, Senior Circuit Judge, and WIDENER, Circuit Judge.

WIDENER, Circuit Judge:

Plaintiffs below, Deborah L. Bills and Nancy D. Fahnley, had a month-to-month lease on an apartment owned by the defendant, Joseph H. Hodges, Sr. On February 5, 1978, the defendant refused to accept the plaintiffs' rent and instead served a notice of eviction. Plaintiffs filed suit under the Civil Rights Act of 1866, 42 U.S.C. § 1982, and the Fair Housing Act of 1968, 42 U.S.C. § 3604, alleging that the defendant's actions were racially motivated. The complaint prayed for a temporary restraining order, a permanent injunction, actual damages, punitive damages, attorneys' fees and costs. The district court prevented the threatened eviction by issuing a temporary restraining order on February 10, 1978.

Preliminary injunction hearings were held on February 23 and 28, and the final trial on the merits was held on March 1, 1978. The district court issued a permanent injunction but refused to award the plaintiffs any attorneys' fees. The court found that plaintiffs were not entitled to damages.

There is no appeal by the defendant from the award of injunctive relief. We affirm the denial of damages to plaintiff, but we reverse the denial of attorneys' fees.[1]

The district court determined that the Civil Rights Act, 42 U.S.C. § 1982, applied, and enjoined the defendant from refusing to renew the plaintiffs' lease for any reasons tainted with racial discrimination. The court found as a fact that while the defendant had some valid reasons for refusing to renew the plaintiffs' lease, he was also motivated by his antipathy of the plaintiffs' biracial dating and entertainment practices. Plaintiffs, both white females, associated with and entertained black males in the apartment.

In this appeal, the Tidewater Legal Aid Society represents the plaintiff-appellant Deborah Bills (Miss Fahnley is not a party to this appeal.) Defendant-appellee Hodges is not represented by counsel and has declined to file a brief. In a letter to this court, Mr. Hodges stated that he was satisfied with the district court's decision, and thus, as we have stated, the permanent injunction is not at issue. (Mr. Hodges' letter also pointed out that both of the plaintiffs have voluntarily moved out of the apartment, which, of course, might moot a part of the case were injunctive relief at issue here.)

---

1. In its final order, entered on March 1, 1978, the district court determined that the Fair Housing Act did not apply to the defendant's four apartment units which were located in two slightly separated adjacent buildings, one of which units was occupied by the defendant. It held that this was within the "Mrs. Murphy" exception to the Act, 42 U.S.C. § 3603(b)(2). We express no opinion on this issue because the plaintiffs are entitled to complete relief under 42 U.S.C. §§ 1982, 1988. *Hodge v. Seiler*, 558 F.2d 284, 289 (5th Cir. 1977). The question of damages is not different under either statute.

On appeal, the plaintiff presents three points. She claims the defendant is not exempt from the provisions of the Fair Housing Act of 1968; that she is entitled to an award of damages as a matter of law, both compensatory and punitive; and that the court erred in failing to award her attorneys' fees and certain expenses.

We have explained before that it is unnecessary for us to decide the application of the Fair Housing Act of 1968 because whether or not it applies would make no difference in the result in this case.

In a trial memorandum submitted on March 1, 1978 the plaintiff asks for "compensatory damages, damages for the emotional injury done to plaintiffs, and—because of the willful and wanton disregard by the defendant of the law—punitive damages. . . ." The strongest argument plaintiff makes with respect to damages is that FRCP 38(b) provides that "any party may demand a trial by jury not later than 10 days after the service of the last pleading directed to the issue to be so tried." She claims that the trial of the case the next day after the hearing on the preliminary injunction deprived her of this 10 day period to make up her mind.

■ The holding of the district court with respect to compensatory, emotional and punitive damages is largely a question of fact finding, and we are of opinion the district court's findings of fact with respect to this issue are not clearly erroneous. The judge trying the case saw the witnesses and heard them testify and was able to judge their credibility and the weight of their testimony far better than are we. For example, although the court had indicated, after hearing the motions for a temporary restraining order and for a preliminary injunction in three separate hearings, that it had heard no evidence of damages, at the trial on the merits, no evidence was offered as to the amount of any specific item of damage. While there were generalizations from which the district court might have made a modest award of compensatory damages had it been so advised, we think the district court was quite within its discretion in declining to make an award of compensatory damages when no specific damage was proved. The same applies to the question of emotional and punitive damages. The plaintiff in this case had been engaging in conduct of which her parents did not approve, and the court found as a fact that the plaintiff had not been through any "additional trauma of any additional nature whatsoever." The holding of the district court that the defendant was not guilty of wantonness, or maliciousness, or of doing intentional harm to the plaintiff is also supported by the evidence.

■ We also find there is no merit in the plaintiff's claim that the trial court violated Rule 38(b) in that it did not give the plaintiff 10 days after the service of the defendant's answer to request a jury trial. After the third hearing the district court had held in this matter prior to the trial, it had already heard substantially all the evidence offered at the trial. It advised the parties that if the evidence at the trial was not different it intended to enter a permanent injunction but not to award damages. The plaintiff, upon being advised that the trial would be the next day, asked for more time prior to trial. When the court inquired as to the reasons more time would be required, plaintiff's attorney replied that there was a witness he would need, the defendant's wife, and also he needed to inquire as to the defendant's assets on the question of punitive damages. The court required the defendant to secure his wife's presence and advised the plaintiff's attorney that if there was to be an award of damages as result of the trial, it would permit inquiry as to the defendant's assets. Nothing was said at that time about trial by jury. Indeed, we have looked at the entire record before us and nowhere find any mention of any request for trial by jury as to any issue, or any mention of Rule 38(b) or the substance thereof. The matter was never considered by the district court. Under these circumstances, we think it is too late in the day to raise the matter on appeal. *McGowan v. Gillenwater*, 429 F.2d 586 (4th Cir. 1970). It would be a strained construction of FRCP

38(b) to hold that of necessity no trial may be had within 10 days of the service of the last pleading absent an express waiver of trial by jury. We think that when the district court advised the attorneys of the early trial date and was not advised by them in return of any request for a jury, that is a sufficient waiver.

■ In denying the plaintiffs any recovery of attorneys' fees, the district court relied on the discretion granted it by § 1988 of Title 42 U.S.C., the Civil Rights Attorney's Fees Awards Act. The Supreme Court, however, has construed a nearly identical statutory grant of discretion to mean that

> one who succeeds in obtaining an injunction under [the Civil Rights Act of 1964] should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust.

*Newman v. Piggie Park Enterprises, Inc.,* 390 U.S. 400, 402, 88 S.Ct. 964, 966, 19 L.Ed.2d 1263 (1968). Congress adopted this standard when it enacted the Civil Rights Attorney's Fees Awards Act. The Senate Report quotes *Newman*:

> It is intended that the standards for awarding fees be generally the same as under the fee provisions of the 1964 Civil Rights Act. A party seeking to enforce the rights protected by [Section 1982], if successful, "should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust." *Newman v. Piggie Park Enterprises, Inc.,* 390 U.S. 400, 402, 88 S.Ct. 964, 19 L.Ed.2d 1263 (1968).

S.Rep. No. 94–1011, 94th Cong., 2d Sess., 4 (1976), reprinted in 1976 U.S.Code Cong. and Admin. News, pp. 5908, 5912. It is clear, therefore, that a successful plaintiff in a case such as this should ordinarily recover a reasonable attorney's fee unless special circumstances would render such an award unjust. See *Tillman v. Wheaton-Haven Recreation Association,* 517 F.2d 1141 (4th Cir. 1975).

The district court stated as another reason for denial of fees that the plaintiffs could well afford to hire their own lawyers instead of utilizing a publicly funded legal aid society. We think the plaintiffs' ability to pay attorneys' fees is not a special circumstance that would render an award of fees unjust. *Bunn v. Central Realty of Louisiana,* 592 F.2d 891 (5th Cir. 1979) (per curiam).

■ The plaintiffs are under no obligation to pay the Tidewater Legal Aid Society, which is federally funded. However, we have held in *Tillman v. Wheaton-Haven,* at p. 1146 et seq., that litigants who are under no obligation to pay attorneys associated with a civil rights organization are nevertheless entitled to recover attorneys' fees where an allowance would otherwise be proper. We think the same rule should apply on the facts of this case to the Legal Aid Society. *Rodriguez v. Taylor,* 569 F.2d 1231 (3d Cir. 1977).

The district court also refused to award attorneys' fees at least partly because the court felt the defendant acted in good faith. However, a defendant's good faith is not a special circumstance that would render an award of fees unjust. See *Tillman,* p. 1147.

■ Plaintiffs are entitled to an award of attorneys' fees, and we remand for a determination of a reasonable amount for their service in obtaining the injunction in the district court. Factors to be considered are set out in *Barber v. Kimbrell's, Inc.,* 577 F.2d 216, 226 (4th Cir. 1978).

The district court declined to tax as costs against the defendant a copy of the transcript of the hearing on the temporary restraining order. We think this ruling was not an abuse of discretion.

The plaintiff has prevailed in that part of the appeal concerning attorneys' fees, and has not prevailed in that part of the appeal concerning damages. Accordingly, other than attorneys' fees, each party will bear their own taxable costs on appeal. We think, however, the plaintiff's attorneys, for their partial success on appeal, are entitled to an attorney's fee of $500.00, and the clerk will tax that amount in favor of the plaintiff as her costs on appeal.

AFFIRMED IN PART, REVERSED IN PART, and REMANDED.