**Andrew OLIVER and Theresa Oliver, Plaintiffs,**

**v.**

**Walter E. SHELLY and Mrs. Walter B. Foster, Defendants.**

**Civ. A. No. H–81–468.**

United States District Court,
S. D. Texas,
Houston Division.

March 29, 1982.

---

James M. Hirdelberg, East Texas Legal Services, Nacogdaches, Tex., for plaintiffs.

Kenneth H. Keeling, Huntsville, Tex., for Foster.

Harry H. Walsh, III, Huntsville, Tex., for Shelly.

**MEMORANDUM AND ORDER**

SINGLETON, Chief Judge.

Presently before the Court in the above styled case is plaintiffs' motion for partial summary judgment. Because this Court is of the opinion that there is no genuine issue as to any material fact on the question of defendant Shelly's liability, the plaintiffs are entitled to judgment against defendant Shelly as a matter of law. A summary judgment, however, is not appropriate as to defendant Foster since there is a factual question as to legal ownership of the apartment complex in question.

Plaintiffs, an interracial couple, bring this action under the Fair Housing Act of 1968, 42 U.S.C. §§ 3604, 3614 (the Fair Housing Act)[1] and the Civil Rights Act of 1968, 42 U.S.C. § 1982 (section 1982).[2] Plaintiffs allege that defendants discriminated against plaintiffs on the basis of their race in refusing to rent plaintiffs an apartment at the Foster Apartment Complex, which was owned by defendant Foster's husband and managed by defendant Shelly.

■ In order to find defendants liable under the Fair Housing Act and section

---

1. These sections of the Fair Housing Act provide:

§ 3604. Discrimination in sale or rental of housing

As made applicable by section 3603 of this title and except as exempted by sections 3603(b) and 3607 of this title, it shall be unlawful—

(a) To refuse to sell or rent after the making of a bona fide offer, or to refuse to negotiate for the sale or rental of, or otherwise make unavailable or deny, a dwelling to any person because of race, color, religion, sex, or national origin.

(b) To discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, religion, sex, or national origin.

(c) To make, print, or publish, or cause to be made, printed, or published any notice, statement, or advertisement, with respect to the sale or rental of a dwelling that indicates any preference, limitation, or discrimination based on race, color, religion, sex, or national origin, or an intention to make any such preference, limitation, or discrimination.

(d) To represent to any person because of race, color, religion, sex, or national origin that any dwelling is not available for inspection, sale, or rental when such dwelling is in fact so available.

(e) For profit, to induce or attempt to induce any person to sell or rent any dwelling by representations regarding the entry or prospective entry into the neighborhood of a person or persons of a particular race, color, religion, sex, or national origin.

\*　\*　\*　\*　\*　\*

§ 3614 Expedition of proceedings

Any court in which a proceeding is instituted under section 3612 or 3613 of this title shall assign the case for hearing at the earliest practicable date and cause the case to be in every way expedited.

2. This section of the Civil Rights Act provides:

§ 1982 Property rights of citizens

All citizens of the United States shall have the same right, in every State and Territory, as is enjoyed by white citizens thereof to inherit, purchase, lease, sell, hold, and convey real and personal property.

1982 of the Civil Rights Act, plaintiffs must prove that defendants refused to rent or lease them an available apartment and that at least one of the factors contributing to the refusal was the plaintiffs' race. *Marable v. H. Walker & Associates*, 644 F.2d 390, 395 (5th Cir. 1981); *Payne v. Bracher*, 582 F.2d 17, 18 (5th Cir. 1978); *Gore v. Turner*, 563 F.2d 159, 167 n.5 (5th Cir. 1977). The pleadings, depositions, answers to interrogatories, admissions, along with the affidavits in this case show that defendant Shelly refused to rent plaintiffs an available apartment because of their race.

Defendant Shelly, in his deposition, states:

QUESTION: "Okay. Now you basically know that—you know the gist of the lawsuit here that Mr. and Mrs. Oliver have alleged on September 6th, 1980, that they inquired about an apartment at the Foster Apartment complex, that you, in fact, agreed to rent them a one-bedroom apartment but once you learned that they were an interracial couple you refused to do so. Is this or is this not true?"

ANSWER: "It is true."

\*    \*    \*    \*    \*    \*

QUESTION: "Did you refuse to rent an apartment to Mr. and Mrs. Oliver because they were a mixed couple; is that correct; is that what you're saying?"

ANSWER: "Yes."

Deposition of Defendant Walter Shelly, at 12–20. Further, defendant Shelly made the following statement in an affidavit attached to Defendants' Response to Plaintiffs' Motion for Partial Summary Judgment:

On previous occasions apartments had been leased to racially mixed couples with the results that many of the tenants, both black and white, had complained because of tension which in some instances had led to serious arguments and other problems.

I initially told the Oliver's that I would not rent the apartment to them and they informed me that they were going to complain to various persons. Approximately thirty (30) minutes after the Olivers left the apartment complex, and after I had given the matter some thought, I concluded that it would not be right to refuse to rent them an apartment.... I got in my car ... in hopes that I could locate the Olivers to tell them that I would rent the apartment to them. I was unable to find either of the Olivers ....

Defendant Shelly's refusal to rent plaintiffs the apartment because they were an interracial couple constitutes discrimination on the basis of race in violation of section 1982 of the Civil Rights Act and The Fair Housing Act. For purposes of these provisions, there is discrimination on the basis of race where race is part of the reason why a prospective tenant is refused housing. In this case, race was part of the reason, as defendant Shelly's refusal to lease turned in part, if not in whole, on the fact that one of plaintiffs is white and the other black. Defendant Shelly states, in a portion of his affidavit set out above, that he was concerned about the tension caused by leasing to racially mixed couples. Even if this were a legitimate factor in his decision not to rent, our holding would be the same, as it is no defense that race was not the *sole* reason for denial of housing. As recently stated by the Fifth Circuit, "race is an impermissible factor in an apartment rental decision and ... it cannot be brushed aside because it was neither *sole* reason for discrimination nor the total factor of discrimination. We find no acceptable place in the law for partial racial discrimination.", *Woods-Drake v. Lundy*, 667 F.2d 1198, 1202 (5th Cir. 1982), *quoting Smith v. Sol D. Adler Realty Co.*, 436 F.2d 344, 349–350 (7th Cir. 1971) (emphasis in original).

Furthermore, discrimination on the basis of ones *association* with a person of another race is proscribed by section 1982 and by the Fair Housing Act. *Woods-Drake v. Lundy*, 667 F.2d at 1201 (5th Cir. 1982) (Attempted eviction of white tenants because they entertained black guests violates section 1982 and the Fair Housing

Act); *Bills v. Hodges,* 628 F.2d 844, 845 (4th Cir. 1980) (Attempted eviction of white tenants because of their interracial dating violates section 1982); *Bishop v. Pecsok,* 431 F.Supp. 34, 37 (N.D.Ohio 1976) (Denial of housing to white man because his wife was black violates section 1982); *Lamb v. Sallee,* 417 F.Supp. 282, 286 (E.D.Ky.1976) (Denial of housing to unmarried couple because one was black and the other white violates section 1982); *United States v. L & H Land Corp., Inc.,* 407 F.Supp. 576, 579 (S.D.Fla. 1976) (Refusal to permit white tenants to receive black guests violates the Fair Housing Act). On the basis of the foregoing, it is this Court's opinion that a significant factor in defendant Shelly's decision to refuse to rent an apartment to plaintiffs was the fact that one of the plaintiffs is black. As such, defendant Shelly's conduct violated both section 1982 and the Fair Housing Act. A summary judgment against defendant Shelly on the issue of his liability is therefor appropriate.

In addition to defendant Shelly, any owner of the complex is also liable because "[d]iscriminatory conduct on the part of a rental agent is . . . attributable to the owner of a motel, apartment complex, or other public housing facility." *Phiffer v. Proud Parrot Motor Hotel, Inc.,* 648 F.2d 548, 552 (9th Cir. 1980) (citations omitted); *Dillon v. AFBIC Development Corp.,* 597 F.2d 556 (5th Cir. 1979). The record in this case reveals that defendant Foster's husband, Walter Foster, was legal owner of the Foster Apartment Complex until his death in August of 1980. At the time the incident in this case arose, September of 1980, administration of Mr. Foster's estate was pending. Because it is not clear from the record whether Mrs. Foster was legal owner of the complex at the time defendant Shelly refused to rent plaintiffs an apartment, a summary judgment as to her liability is not appropriate at this time.

Accordingly, it is hereby ORDERED, ADJUDGED, and DECREED that plaintiffs' motion for partial summary judgment be GRANTED with respect to the liability of defendant Shelly and DENIED with respect to defendant Foster. The issues that remain for trial in this case include the issue of defendant Foster's liability and the issue of damages with respect to both defendant Shelly and defendant Foster.