836 F.2d 1342
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
CHRISTIAN KNIGHTS OF the KU KLUX KLAN INVISIBLE EMPIRE,
INC., George Thompson, Plaintiffs-Appellants,
v.
The TOWN OF POCAHONTAS, VIRGINIA, its Governing Council, and
Its Chief of Police, Defendant-Appellee.
 No. 87-2619.
 United States Court of Appeals, Fourth Circuit.
 Argued Nov. 30, 1987.
Decided Jan. 11, 1988.
 
 George Daly (Louis L. Lesesne, Jr., Gillespie, Lesesne & Connette on brief) for appellants.
 Frederick W. Harman (Arey & Harman, P.C. on brief), for appellees.
 Before DONALD RUSSELL and WILKINS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 The Christian Knights of the Ku Klux Klan appeal the judgment of the district court which dismissed this action based on 42 U.S.C. Secs. 1983 and 1988 against the town of Pocahontas, Virginia, for denial of a parade permit. The Klan assigns errors to the following rulings of the court: 1) that a dispute over a three-week notice requirement for a permit was moot; 2) that the three-week requirement is constitutional; and 3) that the Klan was not entitled to counsel fees. We affirm the judgment of mootness, vacate the declaration of constitutionality, reverse the order denying counsel fees, and remand for determination of a proper fee.
 
 I.
 
 2
 The Klan's Grand Dragon for Virginia applied to the town's chief of police for a permit to conduct a street walk in the town's streets. The chief of police referred the request to the town council. The town's attorney advised the council that the Klan had a constitutional right to conduct the proposed walk, but the council nevertheless voted to deny the permit.
 
 
 3
 The Klan responded to the council's decision by filing suit in the district court on March 13, 1986, claiming that the town violated its first amendment rights by denying the permit. On April 14, 1986, the town council offered to grant the permit if the Klan would give it three weeks' notice before conducting the walk. The Klan agreed. The Klan also insisted that the town reimburse it for all attorney's fees incurred until that point. The town, claiming that the issue of attorney's fees was for the court to decide, refused to accede to the Klan's demand.
 
 
 4
 The dispute was submitted to the district court on stipulations. The court ruled that the agreement between the parties mooted the Klan's section 1983 claim, that a requirement for a three-week notice to obtain a permit was constitutional, and that the Klan could not recover a n y attorney's fees.
 
 
 5
 II The district court was correct in holding that the Klan's
 
 
 6
 section 1983 claim against the town was moot. The Klan
 
 
 7
 cannot agree to accept a notice requirement and then claim
 
 
 8
 that the requirement is unconstitutional. The Klan's
 
 
 9
 stipulation to the district court specifically stated that
 
 
 10
 it "agreed to accept the three-week notice period in order
 
 
 11
 to resolve the matter." Such a compromise or settlement
 
 
 12
 between the Klan and the town moots the dispute between the
 
 
 13
 two on that issue. "Generally settlement of a dispute
 
 
 14
 between two parties renders moot any case between them
 
 
 15
 growing out of that dispute." ITT Rayonier Inc. v. United
 
 
 16
 States, 651 F.2d 343, 345 (5th Cir.1981). The fees and
 
 
 17
 permit issues are distinct, and disagreement over one did
 
 
 18
 not preclude the district court from finding settlement of the other.
 
 
 19
 Because the Klan's section 1983 claim is moot, the district court need not have undertaken to decide the merits of the controversy. Oil Workers Union v. Missouri, 361 U.S. 363 (1960). Accordingly, we vacate the declaration that the notice requirement is constitutional.
 
 III
 
 20
 Section 1988 of Title 42 U.S.C. grants the district court discretion to award attorney's fees to successful plaintiffs who enforce a provision of section 1983. Those who prevail through settlement or agreement, like the Klan in this case, are also entitled to attorney's fees. Maher v. Gagne, 448 U.S. 122, 129 (1980). A court should not deny a prevailing claimant attorney's fees unless special circumstances render the award unjust. Bills v. Hodges, 628 F.2d 844, 847 (4th Cir.1980).
 
 
 21
 The district court considered the Klan's request for attorney's fees in two time frames--prior to April 14, 1986, when the Klan and the town agreed to the notice requirement, and after April 14, 1986. It held that the town clearly violated the Klan's constitutional rights prior to April 14, 1986, by unconditionally refusing to issue the permit. But, it concluded, the Klan could not recover attorney's fees because it was not represented by counsel in its district court action during that period and section 1988 does not compensate pro se litigants.
 
 
 22
 The stipulation presented to the court provided uncontroverted evidence that the Klan was represented by counsel. It was signed by Virginia and North Carolina counsel on behalf of the Klan, and it recited that the Klan's counsel prepared a letter which was presented to the town council in an effort to resolve this litigation. The stipulation also disclosed that the town was aware of the claim for counsel fees. Furthermore, a member of the North Carolina bar moved for leave to appear pro haec vice before the district court, but the court denied his request.
 
 
 23
 It is undisputed that the Klan's North Carolina attorney represented the Klan in this controversy prior to April 14 although he was not attorney of record when the suit was filed in Virginia. He drew the complaint that initiated this litigation. Later he prepared the letter which a Klan member presented to the town council to resolve the litigation. As the district court recognized, settlement negotiations with the town were successful. The case became moot except for the issue of attorney fees, which, according to the stipulation, the town opted to let the court decide.
 
 
 24
 Section 1988 of Title 42 U.S.C. does not by its terms require that counsel make a formal appearance. Although not precisely on point, New York Gaslight Club v. Carey, 447 U.S. 54 (1980), offers some guidance. In that case the Court held that Title III of the Civil Rights Acts of 1964 authorized the award of an attorney's fee for services in state administrative proceedings prior to institution of the federal action. The language of the statute in that case authorizing fees, 42 U.S.C. Sec. 2000e-5(k), is similar to section 1988. Both statutes seek the same goals--the enforcement of civil rights that are protected by the Constitution and laws of the United States. The Klan is entitled to recover attorney fees for the service its counsel rendered prior to April 14.
 
 
 25
 The Klan could continue with the suit after securing its right to parade because the town refused to reimburse it for attorney's fees. It should also be compensated for the additional time that its attorney spent securing the Klan's right to those fees. See Jordan v. Multnomah County, 815 F.2d 1258, 1264 (9th Cir.1987).
 
 
 26
 In conclusion, we find that the Klan was forced to go to court to vindicate its constitutional right to conduct a street walk. We also find that it substantially prevailed in that suit through a settlement that recognized its right to a parade permit. Therefore, we hold that it is entitled to recover from the town attorney's fees incurred both in securing the right to parade and in securing the attorney's fees to which it is entitled under section 1988, including fees relating to the attorney fee issue in this appeal. The Klan is not entitled, however, to recover attorney's fees for services pertaining to the mootness issue on appeal, for on this issue the Klan did not prevail. See Bill v. Hodges, 628 F.2d 844, 847 (4th Cir.1980).
 
 
 27
 This case is remanded to the district court so that it may determine reasonable attorney's fees in accordance with Pennsylvania v. Delaware Valley Citizens' Council, 106 S.Ct. 3088, 3096-99 (1986); Blum v. Stenson, 465 U.S. 886 (1984); and Hensley v. Eckerhart, 461 U.S. 424 (1983). Each party, having prevailed in part on this appeal, shall bear its own costs.
 
 
 28
 VACATED IN PART, AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.