UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-40216
Summary Calendar

_____


BRENDA SCRUGGS,

Plaintiff-Appellant,

vs.

MARSHALL HOUSING AUTHORITY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Eastern District of Texas, Marshall Division
Civil Docket No. 2:98-CV-256

August 23, 2000

Before JOLLY, JONES, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Appellant Brenda Scruggs ("Scruggs") challenges the district court's grant of summary judgment to defendant-appellee Marshall Housing Authority ("MHA") and its dismissal of the case. Scruggs alleges that MHA engaged in gender discrimination contrary to 42 U.S.C. § 3604(b). Having carefully reviewed the briefs and record, this court finds no error. The district court's judgment is affirmed.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

This court reviews the granting of summary judgment *de novo* and applies the same criteria as the district court. *See* Baker v. Putnal, 75 F.3d 190, 197 (5th Cir. 1996). Summary judgment is appropriate when, viewing the evidence in the light most favorable to the non-moving party, the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *See* Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, 106 S. Ct. 2548, 2552-53 (1986); *see also* Fed. R. Civ. P. 56(c)

Section 3604 of the FHA[2] states that "it shall be unlawful ... [t]o refuse to sell or rent ... or otherwise make unavailable or deny, a dwelling to any person because of race, religion, sex, familial status, or national origin." 42 U.S.C. § 3604(a). To establish a violation under the FHA, a plaintiff must demonstrate either intentional discrimination or discriminatory impact. *See* Betsey v. Turtle Creek Assocs., 736 F.2d 983, 986 (4th Cir. 1984); Arthur v. City of Toledo, 782 F.2d 565, 574 (6th Cir. 1986). The burden shifting framework of McDonnell Douglas v. Green, 411 U.S. 792, 93 S.Ct. 1817 (1972) and Texas Dept. of Community Affairs v. Burdine, 450 U.S. 248, 101 S.Ct. 1089 (1981) applies in housing discrimination cases[3] under the FHA. Thus, once

---

[2]   The FHA was amended in 1974 to include proscription of discrimination based on gender.

[3]   Courts have held that a FHA plaintiff does not need to prove that race was the sole motivation for the defendant's actions; rather, the plaintiff need only prove that race was one effective reason for the defendant's actions. *See* Burris v. Wilkins, 544 F.2d 891 (5th Cir. 1977); Green v. Century 21, 740 F.2d 460, 464 (6th Cir. 1984). By

2

a plaintiff establishes a *prima facie* case of discrimination, the burden of production shifts to the defendant. After the defendant satisfies its burden, the burden shifts back to the plaintiff.

In her *pro se* complaint, Scruggs, a female landlord who formerly owned Section 8 low income housing regulated by the Department of Housing and Urban Development ("HUD"), alleges, *inter alia,* that MHA improperly continued federal funding to male Section 8 landlords Allen Bird ("Bird") and Phillip Ford ("Ford") despite various HQS violations. Scruggs claims that MHA required her to correct her HQS violations, while allowing preferential treatment of her male counterparts.[4] Appellant also asserts that Seven Keys Apartments ("SKA") is owned by Bird and Ford. However, MHA produced summary judgment evidence proving that a separate corporation, Real Property Services ("RPS"), owns and manages SKA, and SKA's two most recent on-site managers were female. MHA discovered HQS violations by both Scruggs, an individual, and SKA, a genderless corporation. Illegal discrimination cannot exist between a woman and a corporation. Moreover, that MHA found all three Section 8 landlords, Scruggs, SKA and Ford to have violated

---

analogy, Scruggs must prove that gender served as one effective reason for MHA's actions.

[4]    MHA grants Section 8 landlords thirty (30) days to correct deficiencies or else lose their Section 8 federal funding. Scruggs complied, and her property subsequently passed a July, 1996 inspection.
In addition to Scruggs's property, Williams also inspected and failed Section 8 properties owned by Bird and Ford. Scruggs claims that neither male landlord was required to redress his respective HQS violations for over one year and both have yet to complete the required changes. In addition, Scruggs claims that Ford's property still maintains its Section 8 status and funding.

MHA's housing standards, precludes a finding of gender discrimination.

MHA produced summary judgment evidence that SKA's and Ford's Section 8 housing properties have always timely corrected their HQS deficiencies. Scruggs offered a document claiming that SKA continues to violate HUD standards, yet this submission merely reports violations discovered upon inspection; it does not rebut MHA's valid evidence that the HQS violations were redressed. Based on these facts, the district court properly found no genuine issues of material fact regarding Scruggs's gender discrimination claim.[5]

Scruggs next alleges that MHA retaliated against her for filing a complaint with HUD. To state a claim for retaliation under the FHA, the plaintiff must show: 1) she was engaging in a "protected activity;" 2) the subsequent actions of the defendant were causally linked with her exercise of that protected activity; and 3) she suffered some resulting damage. San Pedro Hotel Co., Inc. v. City of Los Angeles, 159 F.3d 470, 477 (9th Cir. 1998); 42 U.S.C. § 3617. Subjective beliefs are insufficient to show an intentional discriminatory animus. See Goldberg v. B. Green & Co., Inc., 836 F.2d 845 (4th Cir. 1988); see also Thornton v. Neiman Marcus, 850 F.Supp. 538, 544 (N.D.Tex. 1994) (evidence which

---

[5] Scruggs makes several evidentiary claims (*e.g.*, that false testimony was allowed, that male landlords never corrected their HQS violations, and that the district court entered final judgment without considering a sworn affidavit.) but she has offered no factual support for any of them.

4

consists of subjective beliefs is not competent summary judgment evidence in a Title VII retaliation case).

Scruggs alleges that MHA retaliated against her by initially denying, then later granting a damages claim and two rent increase requests. MHA's evidence showed that it denied the damages claim because Scruggs failed to provide proof of purchase,[6] yet then paid her damages claim only 15 days later when Scruggs supplied this information. Inasmuch as Scruggs did not show that the person processing her claim knew of her HUD complaint, she failed to establish any causal link between the short delay of her damages payment and the filing of her HUD complaint.

Scruggs's retaliation complaints concerning her rent increase requests also lack merit. Scruggs's first request was granted three years before she filed her HUD complaint.[7] In addition, plaintiff filed her second request in March, 1996, but she filed her HUD complaint in September, 1996. Clearly, no causal links were established for these delays. MHA also demonstrated that it continued to allow Scruggs to charge her tenants its approved rate, even though HUD had assigned her a lower rent increase. Scruggs's mere subjective belief that MHA has retaliated against her is insufficient to withstand summary judgment.

For these reasons, the judgment of the district court is

---

[6] Proof of purchase is required by MHA's Damage/Vacancy Loss Claim Procedures and Policy for claims processing.

[7] Scruggs requested the reclassification of her property from a two bedroom to a three bedroom house.

5

**AFFIRMED.**