Cynthia BUNN, Plaintiff-Appellant,

v.

CENTRAL REALTY OF LOUISIANA,
Defendant-Appellee.

No. 78–1053
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

April 9, 1979.

Michael G. Bagneris, Ronald L. Wilson, New Orleans, La., for plaintiff-appellant.

Jack J. Cohen, pro se.

Before AINSWORTH, GODBOLD and VANCE, Circuit Judges.

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

PER CURIAM:

On appeal Cynthia Bunn challenges the amount of damages awarded to her in a housing discrimination suit [1] she successfully brought against Central Realty of Louisiana. The complaint charged that Central Realty refused to rent an apartment to Bunn because of her race.

The evidence revealed that Bunn had phoned Central Realty about an advertised vacancy at the Robert E. Lee apartments and had made an appointment to see the apartment. Bunn, who is black, was not shown an apartment at the Robert E. Lee complex, but was shown a unit at a similar, adjacent complex, the Le Jardin, also managed by the defendant. Bunn was not told of the switch. She then applied to rent an apartment in the Robert E. Lee complex and was turned down because there were no vacancies in that complex. Meanwhile, the vacancy at Le Jardin was rented to a white man who had been recommended by a former tenant.[2] The trial court found that a prima facie case of discrimination had been presented by the plaintiff, but awarded her only $500 in actual damages. She contends that the lower court erred in refusing to award greater actual damages and in failing to assess punitive damages and attorney's fees. We remand on the issue of attorney's fees alone.

■ Although the trial court is vested with discretion to determine an award of attorney's fees, *Norwood v. Harrison*, 581 F.2d 518 (5th Cir. 1978), it does not have discretion to ignore an applicable statute in deciding whether the award is to be assessed. Here the trial judge failed to consider 42 U.S.C. § 1988 [3] in deciding whether to award attorney's fees. That section has been interpreted as authority for granting attorney's fees to the prevailing party unless special circumstances would render the

award unjust. *Morrow v. Dillard*, 580 F.2d 1284 (5th Cir. 1978); *Henderson v. Fort Worth Independent School District*, 574 F.2d 1210 (5th Cir. 1978).

■ The trial judge's minute entry awarding damages noted only one reason for refusing to grant attorney's fees to Bunn: "plaintiff is well able to afford her own attorney's fees." While this may be a valid consideration in assessing such awards under 42 U.S.C. § 3612(c),[4] the plaintiff's ability to pay is not a "special circumstance" that would prohibit an award of attorney's fees under § 1988. *Gore v. Turner*, 563 F.2d 159, 164 (5th Cir. 1977). We remand to the district court for a determination of that issue in light of the standards noted in *Rainey v. Jackson State College*, 551 F.2d 672, 676 (5th Cir. 1977).

■ The trial court's determination of the amount of damages sustained will not be disturbed on appeal unless the award is clearly erroneous. *Neal v. United States*, 562 F.2d 338 (5th Cir. 1977). Bunn argues that in awarding damages it was erroneous for the trial court to ignore the expenses and inconvenience caused by the litigation. The court's minute entry reveals that actual damages were awarded to compensate her only for inconvenience suffered in finding another apartment to rent. The court properly inferred those damages even though none were proven at trial. *Gore v. Turner*, supra, at 159 (5th Cir. 1977). We cannot agree, however, that an award is clearly erroneous because it fails to infer a higher amount of damages sustained. Bunn's arguments and citation of higher awards in similar cases are not persuasive. The trial court's award of actual damages is not clearly erroneous and will not be disturbed.

■ Nor are we inclined to assess punitive damages in this instance. Punitive

1. Suit was filed under 42 U.S.C. §§ 1982, 3604.

2. Central Realty's practice is to give rental preference to such referrals. The trial court noted that this method "tends to perpetuate the racial imbalance" existing in the all-white complex.

3. That section is applicable because suit was brought under 42 U.S.C. § 1982. *See Universal Amusement Company, Inc. v. Vance*, 587 F.2d 159 (5th Cir. 1978).

4. 42 U.S.C. § 3612 allows attorney's fees in suits brought under 42 U.S.C. § 3604.

damages may be imposed only if defendant has acted "willfully and with gross disregard for the plaintiff's rights." *Gore v. Turner, supra,* at 164. Bunn produced no evidence at trial to establish such conduct on the part of the defendant. An award of punitive damages was properly denied.

AFFIRMED in part; REVERSED AND REMANDED in part.