IRANIAN STUDENTS ASSOCIATION et al., Plaintiffs-Appellants,

v.

Edwin EDWARDS et al., Defendants-Appellees.

No. 79–1390
Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Oct. 9, 1979.

Pamela J. Bayer, New Orleans, La., for plaintiffs-appellants.

Joseph Keogh, Baton Rouge, La., for W. W. Dumas.

Carmack M. Blackmon, Asst. Atty. Gen., Dept. of Justice, Baton Rouge, La., for all other defendants-appellees.

Before GOLDBERG, RONEY and TJOFLAT, Circuit Judges.

GOLDBERG, Circuit Judge:

The Iranian Students Association and its named members brought this action under

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

42 U.S.C.A. § 1983 (West 1974) [1] against the Governor of Louisiana and officials of Southern University to enjoin enforcement of state and local ordinances and university regulations which allegedly interfered with the exercise of the plaintiffs' first amendment rights. This alleged first amendment violation stemmed from the potential application to the plaintiffs' planned demonstration of a Louisiana statute requiring the posting of a ten thousand dollar bond,[2] a municipal ordinance prohibiting chanting and the use of amplifiers in public demonstrations,[3] and Southern University rules forbidding marches by unrecognized student organizations such as the Iranian Students Association. Fearing possible criminal and disciplinary proceedings by state and university officials, the plaintiffs sought a temporary restraining order, preliminary and permanent injunctions, and declaratory relief.

Subsequent to obtaining a temporary restraining order which enjoined the University's interference with the demonstration and the State's enforcement of its bond requirement and its prohibition against amplification, the parties entered into a consent agreement with the approval of the district court. This consent decree amended the university rules by deleting official recognition of an organization as a prerequisite to obtaining permission to march and by adding a provision that recognizes the students' right to engage in peaceful protests.

After acquiring this relief, the plaintiffs moved to recover attorney's fees pursuant to 42 U.S.C.A. § 1988 (West Supp.1979) which, in pertinent part, provides that "[i]n any action or proceeding to enforce a provision of section [ ] . . . 1983 . . . of this title . . ., the court, in its discretion, may allow the prevailing party,

other than the United States, a reasonable attorney's fee as part of the costs." The district court denied this motion on the ground that the plaintiffs' had shown neither probable success on the merits, nor a "compelling reason" to justify the imposition of attorney's fees on the defendant. The plaintiffs appeal this denial. We reverse.

It is well settled that a plaintiff prevailing in actions subject to 42 U.S.C. § 1988 is ordinarily entitled to attorney's fees unless special circumstances exist to render such an award unjust. *See, e. g., Criterion Club of Albany v. Board of Commissioners*, 594 F.2d 118, 120 (5th Cir.), *modified on other grounds*, No. 78–3066 (5th Cir. June 20, 1979); *Bunn v. Central Realty of Louisiana*, 592 F.2d 891, 892 (5th Cir. 1979); *Morrow v. Dillard*, 580 F.2d 1284, 1300 (5th Cir. 1978); *Brown v. Culpepper*, 559 F.2d 274, 277 (5th Cir. 1977). Furthermore, a plaintiff can be a "prevailing party" even though the relief he has obtained is only preliminary, *see, e. g., Howard v. Phelps*, 443 F.Supp. 374 (E.D.La.1978), or is the result of a consent decree. *See, e. g., Criterion Club of Albany v. Board of Commissioners, supra*, at 120; *Brown v. Culpepper, supra* at 277. The proper focus is whether the plaintiff has been successful on the central issue, *Howard v. Phelps, supra* at 376, as exhibited by the fact that he has acquired the primary relief sought. *See Criterion Club of Albany v. Board of Commissioners, supra* at 120.

Applying this standard to the case at bar, the plaintiffs are clearly entitled to attorney's fees. They both sought and received immunity from the state's bonding requirement and prohibition against amplification, and they eliminated the university's requirement of recognition as a prereq-

---

1. 42 U.S.C.A. § 1983 (West 1974) provides the following:

   Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitu-

tion and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

2. La.Rev.Stat.Ann. § 14:326 (West 1974).

3. Baton Rouge, La., Municipal Ordinanus tit. 12, §§ 100–104 ( ).

uisite to a permissible demonstration. The plaintiffs were thus "prevailing parties" within the meaning of 42 U.S.C. § 1988, and since no special circumstances exist, an award of attorney's fees and costs is in order.[4]

In determining the proper amount of this award on remand, the district court should be guided by the factors enunciated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974), and give due regard to the parties' stipulation. Furthermore, the district court should award the plaintiffs their costs and attorney's fees incurred in prosecuting this appeal. *See Morrow v. Dillard, supra* at 1300.

REVERSED and REMANDED.

---

**4.** Defendant's reliance on *Henderson v. Fort Worth Independent School Dist.*, 574 F.2d 1210 (5th Cir.), *vacated*, 584 F.2d 115 (5th Cir. 1978) (en banc), is totally inapposite since the vacating of that decision deprives it of precedential value. *See Criterion Club of Albany v. Board of Commissioners, supra* at 120.