Robert PEELER,

v.

The **LONGVIEW INDEPENDENT SCHOOL DISTRICT et al.**

Civ. A. No. TY–78–32–CA.

United States District Court, E. D. Texas, Tyler Division.

Dec. 13, 1979.

118

Larry Watts and George M. Kirk, Houston, Tex., for Robert Peeler.

John M. Smith, Longview, Tex., for Longview Independent School District and the other defendants.

## MEMORANDUM OPINION

ROBERT M. PARKER, District Judge.

Robert Peeler was employed by the Longview Independent School District as a school-home coordinator. After the Longview Independent School District failed to renew his employment contract for the school year 1977–1978, Mr. Peeler filed suit in the United States District Court for the Eastern District of Texas, Tyler Division. The Plaintiff brought his action under 42 U.S.C. § 1983, the First and Fourteenth Amendments, claiming unconstitutional action both in the manner of his non-renewal and the reasons for the non-renewal.

The cause was tried to a jury in Tyler, Texas. At the close of the Plaintiff's case, the Court directed a verdict for the Plaintiff on his procedural due process claim and for the Defendants on the other independent causes of action under the First and Fourteenth Amendments. The Court, making oral findings from the bench to support the directed verdict, found:

1. That Robert Peeler had engaged in a number of protected First Amendment activities;

2. That Mr. Peeler's First Amendment activities played either a substantial or a motivating factor in the ultimate decision not to renew his contract;

3. That, as a matter of law, the same decision regarding non-renewal of Mr. Peeler's contract would have been reached by the Longview Independent School District even if the protected activities had never occurred;

4. Further, that reasonable minds could not have differed that just and adequate legal cause existed for the Board's decision not to renew the contract and that the protected activity would not immunize the inevitable result.

Under the rule enunciated in *Carey v. Piphus*, 435 U.S. 247, 98 S.Ct. 1042, 55 L.Ed.2d 252 (1978), the Court awarded nominal damages in the amount of One Dollar ($1.00) for the denial of procedural due process. In support of this award, the Court found that no evidence was presented on behalf of the Plaintiff which would have justified a jury verdict on compensatory damages for mental anguish.[1] The nominal damages award was assessed against all named defendants, jointly and severally.

Presently before the Court is the Plaintiff's Motion for Attorney's Fees, and his affidavit in support thereof. The Defendants' response raises two questions: (1) Are the Plaintiff's attorneys entitled to a fee award; and (2) if so, what is the amount of a reasonable fee award under these circumstances.

I.

## AS A PREVAILING PARTY, MR. PEELER IS ENTITLED TO A FEE AWARD PURSUANT TO 42 U.S.C. § 1988

The history of fee awards in civil rights and public interest litigation stands as a paradigm for the exercise of Congressional power over judicial discretion. As a general rule, each party to a civil suit bears the cost of employing an advocate to represent his interests. A distinguishing feature of civil litigation in this country, the concept is readily referred to as "The American Rule."

In 1975, the Courts had an opportunity to abrogate the rule in those cases in which the public had a keen or compelling interest. Practitioners who took on cases in the public sphere were thought to act as private attorneys general, upholding and advancing the public interest. Whatever merit this theory held, the practice of awarding a fee to the prevailing party in such litigation was rejected by a divided Supreme Court in *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975). On the heels of *Alyes-*

---

1. The Plaintiff's claims regarding punitive damages were waived prior to trial.

*ka*, came the passage of the Attorney's Fees Awards Act, which provides that in suits brought pursuant to § 1983:

. . . a court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs.

42 U.S.C. § 1988 (1976).

Hence, Congress gave the courts the equitable discretion that *Alyeska* took away.

■ Congress made it clear, and the Courts have been faithful to the legislative history, that § 1988 is to be broadly and liberally construed. H.R.Rep. No. 94–1558, p. 4 n. 6 (1976), *Bunn v. Central Realty of Louisiana*, 592 F.2d 891 (5th Cir. 1979). So broad is the mandate of § 1988 that it has been universally applied to suits pending on its effective date, even though the cause of action and its institution predated the statute. *Hutto v. Finney*, 437 U.S. 678, 98 S.Ct. 2565, 57 L.Ed.2d 522 (1978); *Gonzalez v. Fairfax-Brewster School, Inc.*, 569 F.2d 1294 (4th Cir. 1978). The Fifth Circuit has noted in regard to the application of § 1988:

Although the trial court is vested with discretion to determine an award of attorney's fees, . . . it does not have discretion to ignore an applicable statute in deciding whether the [fee should] be assessed.

*Bunn, supra*, at 892.

In considering the entitlement question in light of the issues presented by the Defendants, the Court has given special consideration to the Congressional mandate of 42 U.S.C. § 1988.

Defendant advances the argument that because the Plaintiff was granted nominal damages under only one cause of action he is not entitled to a fee award. In support of that position, the Defendants rely on *Huntley v. Community School Board of Brooklyn*, 579 F.2d 738 (2d Cir. 1978). The Second Circuit affirmed Judge Weinstein's refusal to grant a fee award in a similar case reasoning that the Plaintiff had not "prevailed" but had achieved only a "moral victory." *Huntley*, 742. Appropriate as that ruling may have been under the cir-

cumstances of that case, Judge Weinstein's decision appears to be contrary to the greater weight of persuasive authority. *Carey v. Piphus*, 435 U.S. 247, 257 fn. 11, 98 S.Ct. 1042, 1049 fn. 11, 55 L.Ed.2d 252 (1978); *Burt v. Abel*, 585 F.2d 613, 617 (4th Cir. 1978); *Hughes v. Repko*, 578 F.2d 483 (3rd Cir. 1978); *Iranian Students Association v. Edwards*, 604 F.2d 352 (5th Cir. 1979). It is not merely the comparable weight of authority supporting a fee award that persuades the Court; the policy supporting an award in this instance justifies the result.

■ The value of due process in our society is the assurance to all persons that they will receive fair treatment at the hands of the government and public institutions. The *Carey* court reasoned that absent proof of actual damages, the right to procedural due process, an intangible yet invaluable right, could be compensated only by nominal damages. The lack of substantial damages for the violation of procedural due process should not diminish its importance to our Constitutional system. Justice Powell, writing for the Court, articulated the policy behind a fee award in cases of this nature:

We also note that the potential liability of § 1983 defendants for attorney's fees, . . . provides additional—and by no means inconsequential—assurance that the agents of the State will not deliberately ignore due process rights.

*Carey*, 435 U.S. 257 fn. 11, 98 S.Ct. 1049 fn. 11.

It is incumbent upon the Court at this juncture to point out to the Defendants that the evidence presented at the trial in reference to procedural due process supports only one conclusion: the Longview Independent School Board failed to afford due process to Robert Peeler. The chief witness at the board meeting was Margaret Parker, Mr. Peeler's supervisor. Ms. Parker did not testify, in the sense lawyers understood that term to mean; she read from a prepared statement. Mr. Peeler, represented by able counsel Bill Kimble, was not allowed to cross-examine the Board's only witness.

Further, the Board severely limited Mr. Peeler's opportunity to be heard. Within the thirty minutes allowed by the Board for the presentation of Mr. Peeler's case, Bill Kimble did an artful job, raising each and every issue necessary to preserve the questions for trial. . Within those rigid time constraints and the fatal lack of cross-examination, Mr. Peeler was denied a meaningful opportunity to be heard.[2] In the face of the issues raised by Mr. Kimble, it appears that the Board deliberately denied Mr. Peeler his due process rights, even if the denial was premised on the advice of house counsel.

The Longview Independent School District and its Board members, acting in violation of its own rules and policies as well as the Constitution of the United States, denied Robert Peeler the assurance that he was treated fairly. Therefore, with a degree of emphasis placed upon these circumstances and the participation of the named Defendants, the Court declines to adopt *Huntley*, and yields to the greater weight of authority. *Carey, supra; Burt, supra; Hughes, supra; Iranian Students Association, supra.*

▆▆▆ Nor is the Court persuaded that the Plaintiff Peeler is not a "prevailing party" as that term is used in the statute. Section 1988 rewards even partial success. *Hughes v. Repko*, 578 F.2d 483 (3d Cir. 1978). Two tests for determining whether the plaintiff is a "prevailing party" are used in this circuit. The Fifth Circuit has found prevailing parties to be those who "vindicate rights" or succeed on a "central issue." *Criterion Club of Albany v. Board of Commissioners*, 594 F.2d 118, 120 (5th Cir. 1979), modified on other grounds, No. 78–3066 (5th Cir. June 20, 1979); *Iranian Students Association, supra.* In this case, the Plaintiff satisfies both tests:

1. His procedural due process rights were vindicated. *Criterion Club, supra.*

2. He succeeded on his claim of unconstitutional manner of his non-renewal, one of the central issues in the litigation. *Iranian Students Association, supra.* Therefore, the Court holds that Mr. Peeler is entitled to an attorney's fee award pursuant to 42 U.S.C. § 1988.

## II.

## THE AMOUNT OF THE FEE

The Defendants have urged a fee award commensurate with the damage award, i. e., a fee award in the amount of One Dollar ($1.00). On the other hand, Plaintiff's attorneys have furnished the Court with an affidavit for fees and costs totaling $49,127.00, an amount which seems prima facie excessive. Therefore, the parties to the lawsuit have given the Court opposite extremes of the spectrum from which to work in arriving at a reasonable fee award.

*Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717 (5th Cir. 1974) set forth twelve factors which are universally applied in arriving at reasonable fees for all types of civil rights litigation. The factors are:

1. The time and labor required.
2. The novelty and difficulty of the questions.
3. The skill requisite to perform the legal service properly.
4. The preclusion of other employment by the attorney due to acceptance of the case.
5. The customary fee.
6. Whether the fee is fixed or contingent.
7. Time limitations imposed by the client or the circumstances.
8. The amount involved and the results obtained.
9. The experience, reputation, and abilities of the attorneys.
10. The undesirability of the case.
11. The nature and length of the professional relationship with the client.
12. Awards in similar cases.

---

2. Alternatively, the Plaintiff was successful in establishing a denial of due process based upon the Defendants' failure to follow its own procedures regarding non-renewal.

In addition to *Johnson*, the Court will rely on the "lodestar" approach which the Third Circuit has succinctly defined and explained:

> It is clear to us that the fee-petitioner cannot be treated as the prevailing party to the extent he has been unsuccessful in asserting a claim . . . Thus, in calculating the lodestar in connection with the successful claims, the district court should give the petitioner credit only for the hours of legal service reasonably supportive of such claims.

*Hughes, supra*, at 487.

The task of the Court in arriving at a reasonable fee for Mr. Peeler's attorney involves an interpretation of the *Johnson* criteria in light of the "lodestar."

While *Johnson* makes clear that none of the twelve factors is to be considered controlling, it seems equally clear from the opinion taken as a whole that the factors are to be balanced and adapted to the particular facts of a case. *Johnson*, 717.

■ Considering the relative simplicity of the claim prevailed upon by the Plaintiff, the ease with which competent counsel could establish entitlement to relief on the procedural due process claim as a result of the proof having been preserved by a court reporter at the School Board hearing, the fact that the procedural due process claim was neither novel nor difficult and raised neither questions of first impression or those requisite of special skills are factors the Court has given consideration in reaching its conclusion. The Court further is aware that Plaintiff's counsel at the School Board hearing, and during the trial of this cause, are able and possess consummate skills in this field. The Court was provided with no enlightenment on some of the factors normally considered, such as preclusion of other employment, and whether the fee is fixed or contingent. The Court has noted that the Plaintiff was in all probability a demanding client. The degree of controversy generated by this litigation in the local community is not found to prejudice Plaintiff's counsel since Mr. Watts resides in Houston. The Court, after considering all the guidelines set out in *Johnson*, is of the opinion and hereby finds that a reasonable attorney's fee under all the facts and circumstances of this case is Three Thousand Dollars ($3,000).

A separate order is contemporaneously entered in conformity with this opinion.