Joette WATKINS, Brenda Brown, on behalf of themselves and all others similarly situated, Plaintiffs–Appellants,

v.

MOBILE HOUSING BOARD et al.,
Defendants–Appellees.

No. 80–7358
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.
Unit B

Dec. 10, 1980.

A. Hollis Geer, Mobile, Ala., for plaintiffs–appellants.

Effie E. Forde–Williamson, Legal Services Corp., Washington, D.C., amicus curiae for Legal Services Corp.

Thomas M. Galloway, Sr., William H. Sisson, Mobile, Ala., for defendants–appellees.

Before HILL, FAY and ANDERSON, Circuit Judges.

PER CURIAM:

Plaintiff–appellant appeals the reduction by the trial court of an award of attorneys' fees under 42 U.S.C.A. § 1988 (Supp.1979). Appellant Brenda Brown [1] filed suit against appellee Mobile Housing Board and its officers [2] alleging that appellees violated both her right to due process of law and regulations of the Department of Housing and Urban Development by summarily terminating her participation in a rent subsidy program. Appellant was granted a preliminary injunction and certified as class representative. On October 9, 1979 appellant's summary judgment motion was granted making the preliminary injunction permanent, extending it to the class, and granting her leave to file for attorneys' fees. Appellant filed a motion for attorneys' fees on December 7, 1979 requesting $4,625.10 in fees for a total of 108.5 hours at an hourly rate of $45.00. On February 7, 1980 the court issued its final judgment in the case, an opinion and order granting fees of $2,319.00. We affirm so much of that order which holds that appellant was a prevailing party within the meaning of 42 U.S.C.A. § 1988, and which holds that the motion for attorney fees was timely filed. We reverse and remand that part of the order setting the amount of attorney fees.

*Reduction of Fees*

The discretion of the trial court in awarding attorney fees in this circuit is governed by the factors enumerated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 716–719 (5th Cir. 1979). We have required that the trial court specifically articulate the basis for its determination. *Davis v. Fletcher*, 598 F.2d 469, 470–71 (5th Cir. 1979); *King v. McCord*, 621 F.2d 205 (5th Cir. 1980). Unless the factors which form the basis for the trial court's decision are enumerated, this court is unable properly to review the decision. *Fain v. Caddo Parish Police Jury*, 564 F.2d 707, 709 (5th Cir. 1977).

We hold that the trial court's decision to reduce fees in this case is insufficiently explained. It is apparent from the order that the trial judge was guided to some extent by *Johnson.* The experience of the attorney, difficulty of the subject matter of the case and the prevailing fee in the area were apparently factors considered. The trial judge specifically noted in his

---

1. In the original complaint Joette Watkins and Sarah Ritz were named plaintiffs. The claim of Ritz was dismissed and that of Watkins held moot although the latter remained a member of the plaintiff class.

2. Several officers of the Mobile Housing Board were named as defendants in their individual as well as official capacities. Some of these defendants were dismissed as to their individual capacities and the names of others were stricken in the amended complaint.

order that the appellant was entitled to an award of fees notwithstanding the fact that her counsel was the Legal Services Corporation of Alabama, a federally funded corporation under 42 U.S.C. § 2996 *et seq.* (Supp. 1980), Legal Services Corporation Act of 1976. However, the trial judge noted that while appellant had claimed fees for 102.78 hours, defendants' attorneys had spent a total of 53.5 hours on the action. He then reduced the amount of the award to $2,319 or one–half of the amount sought basing his decision on "the court's familiarity of the facts and law, the attorneys' funding from other sources, and the number of hours claimed." (R. 183). On review we are unable to tell whether or to what extent the reduction was made because the prevailing party was represented by a legal services association but we hold that any reduction for this reason is error.

We recently concluded that it was permissible for a trial judge to consider the absence of overhead expenses in an award made to prevailing parties represented by a law professor. *EEOC v. Strasburger, Price, Kelton, Martin, & Unis,* 626 F.2d 1272, 1275 (5th Cir. 1980). This inquiry, we said, reflects the reality that some portion of the fee may be allocable to reimbursing counsel for overhead expenses. We have also held, however, that the fact that fees would inure to the benefit of a non–profit foundation was an impermissible rationale for reducing the amount. *Fairley v. Patterson,* 493 F.2d 598 (1974).[3] The amount of fees awarded under § 1988 should be set in accordance with *Johnson,* and the fact that the prevailing party was represented by a public service firm or an association funded by public funds is irrelevant.

*Appellant's Status As A Prevailing Party*

■ We do not accept appellee's argument that because the claim of Sarah Ritz was dismissed and the names of several defendants in their individual capacities were dropped, the appellant is not a prevailing party. The trial judge did not base the fee reduction on the fact that some of the parties were dismissed. On the contrary, he found that the orders granting preliminary and permanent injunctions gave appellant substantially the relief for which she asked. The test of whether one is a prevailing party is whether he or she has received substantially the relief requested or has been successful on the central issue. *Iranian Students Association v. Edwards,* 604 F.2d 352, 353 (5th Cir. 1974). "Nothing in the language of § 1988 conditions the District Court's power to award fees on full litigation of the issues or on a judicial determination that the plaintiff's rights have been violated." *Maher v. Gagne,* 448 U.S. ——, 100 S.Ct. 2570, 2575, 65 L.Ed. 653 (1980).

*Timeliness Under Local Rules*

■ We affirm the trial judge's holding that the motion for attorneys' fees was timely under local rule 13.[4] In his order of October 9, 1979, the trial judge specifically reserved for later consideration the attorney fee question. His order granting summary judgment was not final until February 7, 1980. Appellant's motion for attorneys' fees was filed in the interim, on December 7, 1979. *See Richerson v. Jones,* 551 F.2d 918 (3d Cir. 1977); *Williams v. Ezell,* 531 F.2d 1261 (5th Cir. 1976); *Liberty Mutual Insurance Co. v. Wetzel,* 424 U.S. 737, 96 S.Ct. 1202, 47 L.Ed.2d 435 (1976).

Since we cannot discern to what extent, if any, the funding for Legal Services, played a part in the setting of attorneys' fees, we must reverse that portion of the trial judge's order. We remand for further articulation or for a setting of attorneys' fees, excluding the element of irrelevant external funding.

REVERSED AND REMANDED.

---

**3.** In *Fairley,* a Voting Rights Act case, the court awarded attorney fees under its equity powers rather than under § 1988. We see no reason that that which is impermissible under the equity powers of the court should be permissible in the face of a statutory mandate.

**4.** In any case in which the attorney desires to tax costs, there must be filed in the clerk's office within fifteen days of the date of judgment or other final order, a cost bill on the appropriate official form, with a copy provided to opposing counsel.