Shelvia **WILLIAMS**, etc., Plaintiff-Appellant,

v.

The **CITY OF FAIRBURN, GEORGIA**, et al., Defendants-Appellees.

No. 82–8081.

United States Court of Appeals, Eleventh Circuit.

April 15, 1983.

Lewis R. Morgan, Senior Circuit Judge, filed dissenting opinion.

Kutak, Rock & Huie, Laura Matlaw Murphy, Powell, Goldstein, Frazer & Murphy, Robert L. Connelly, Jr., Myron Kramer, Atlanta, Ga., for plaintiff-appellant.

Glaze, McNally & Glaze, Kirby Glaze, Steven M. Fincher, Jonesboro, Ga., for Turner, Green, Howell, Engram, Entrekin, Farr, Shellnut, Smith, and The City of Fairburn, Ga.

Before TJOFLAT and HATCHETT, Circuit Judges, and MORGAN, Senior Circuit Judge.

HATCHETT, Circuit Judge:

The former Fifth Circuit Court of Appeals remanded this case to the district court for a determination of the proper amount of reasonable attorney's fees. Upon remand, the district court awarded less than one-fourth the requested fees. We affirm in part and remand the case to the district court to further award fees and costs.

Shelvia A. Williams, appellant, participated in the section 8 housing program provided by the Fulton County Housing Authority by occupying a private dwelling in Fairburn, Georgia.[1] Approximately four months after occupying the dwelling, the City of Fairburn (City), appellee, discovered Williams's section 8 participation and adopted a resolution which effectively banned section 8 participation within the city limits.[2] Upon notification of the resolution, Williams appealed to the city council to allow her to continue participation in the program. Her appeal was rejected. She then filed a class action suit against the City contending that the City's action had the purpose and effect of establishing and perpetuating housing discrimination in violation of constitutional and statutory

---

1. The section 8 program is a housing assistance program created pursuant to the Housing and Community Development Act of 1974, 42 U.S.C.A. § 1437.

2. Under Georgia law, a county housing authority is not allowed to undertake a housing project within a city without an appropriate resolution of the city. No such resolution has been enacted by Fairburn which had its own, inactive, housing authority.

rights.[3] She alleged violations under the first, thirteenth, and fourteenth amendments to the United States Constitution, and the Fair Housing Act, 42 U.S.C.A. § 3601; 42 U.S.C.A. §§ 1981, 1982, 1983, 1985, and 2000d. Williams sought declaratory and injunctive relief, nominal damages, punitive damages, and attorney's fees.

Following the filing of the suit, the City of Fairburn initiated settlement negotiations. The City, as part of the settlement, proposed a resolution authorizing the Fulton County Housing Authority to operate its section 8 program within the city limits. Williams, however, disagreed with the terms of this proposed settlement. The City disregarded Williams's concerns and entered into the agreement with the Fulton County Housing Authority adopting a resolution effectuating the agreement. The section 8 program authorized by the resolution provided for a maximum of twenty units within the City, with fifty percent of the units to be occupied by handicapped and elderly persons. After the resolution, the City asserted that Williams's action was moot. The district court, however, disagreed, and the case continued.

Williams continued to conduct discovery for a number of reasons, one of which was to determine if the section 8 program adopted by the City was adequate. After completing the discovery process, Williams withdrew her claims regarding inadequacy of the program leaving the issue of attorney's fees as the only matter for resolution. Williams then filed her motion for attorney's fees on the ground that she was a "prevailing party" within the meaning of 42 U.S.C.A. § 1988, the Civil Rights Attorney's Fees Award Act of 1976. The district court ruled that Williams was not a prevailing party and denied attorney's fees. The Fifth Circuit reversed the district court's decision in *Williams v. City of Fairburn, Georgia,* 640 F.2d 635, 636 (5th Cir.1981), and held "that plaintiffs need not prevail in a trial on the merits to be [a] 'prevailing

part[y]' within the meaning of the statute." (Citation omitted.) The case was remanded to the district court for an award of reasonable attorney's fees.

In making its determination of fees and costs, the district court denied approximately seventy-five percent (75%) of the requested attorney's fees. Denied were: (1) all attorney's time expended prior to October 2, 1978 (the date the City entered into the section 8 housing agreement with the county); (2) all paralegal time expended prior to October 9, 1978; (3) all costs advanced after October 9, 1978; (4) all attorney's time expended after October 9, 1978; and (5) all attorney's time expended after October 9, 1978, in litigating the attorney's fees issue at trial and at the appellate level. In addition, the district court refused to apply a fifty percent (50%) multiplier. The district court arrived at its decision by concluding that Williams only prevailed on a small portion of the issues presented, and thus, attorney's fees should only be awarded on the successfully litigated issues. The court cited as support for its position *Familias Unidas v. Briscoe,* 619 F.2d 391, 406 (5th Cir.1980). We must determine whether the district court properly awarded Williams's attorney's fees under the Civil Rights Attorney's Fee Award Act of 1976.

■ There is no doubt that Williams, as a prevailing party, is entitled to attorney's fees. *Watkins v. Mobile Housing Board,* 632 F.2d 565 (5th Cir.1980); *Iranian Student's Association v. Edwards,* 604 F.2d 352, 353 (5th Cir.1979). The only question with which we are concerned is: How much is Williams entitled to receive? This question is answered by determining whether Williams achieved her primary objective during the course of this suit. To sufficiently address this question, we must examine the facts, the governing statutory framework, and the applicable case law. The Civil Rights Attorney's Fees Award Act of 1976 (Act) (amending 42 U.S.C.A. § 1988) (Act) provides that a court, in its discretion, may

**3.** Williams's original complaint also named as defendants the Housing Authority of Fulton County, officials of the department of H.U.D., and the mayor, city manager, and council members.

allow a prevailing party reasonable attorney's fees in actions brought under specific civil rights statutes and certain actions under the Internal Revenue Code. *Iranian Student's Association,* 604 F.2d at 353; *Morrow v. Dillard,* 580 F.2d 1284, 1300 (5th Cir.1978). A condition precedent to an award of attorney's fees under the Act is that the party prevail. *Morrow,* 580 F.2d at 1300. In the instant case, Williams is the prevailing party. *See Williams v. City of Fairburn, Ga.,* 640 F.2d 635 (5th Cir.1981). In its order, the district court indicated that Williams "only prevailed on a small portion of the allegations and issues presented." We disagree. Williams prevailed on the primary and ultimate issue presented, the creation of section 8 housing within the city limits. Her suit can be considered the catalyst which resulted in the October 9, 1978, agreement between the City and the Fulton County Housing Authority. Because she was the catalyst, she is a prevailing party within the meaning of the statute and supporting case law. We therefore hold that Williams is entitled to all attorney's fees requested and costs incurred prior to October 9, 1978. We now turn our attention to those costs incurred after October 9, 1978, and fees requested for services rendered after that date.

The critical question in determining the attorney's fees requested and costs for the period after October 9, 1978, is whether Williams prevailed on subsidiary issues. In short, did Williams, on behalf of a class, have to prevail on inextricably related issues in order to receive attorney's fees for the period after October 9, 1978. We hold that she does not, particularly where she is acting on behalf of a class.

■ The statutory awarding of attorney's fees should be accorded broad interpretation since the statute is remedial in nature. *Northcross v. Board of Education of Memphis City Schools,* 611 F.2d 624, 633 (6th Cir.1979); *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714, 716 (5th Cir. 1974), Annot. 43 A.L.R.Fed. 243 (1979). The basis for allowing such broad interpretation is to facilitate private enforcement and to allow the attorney to explore and develop every aspect of a case. *See,* S.Rep. No. 94–1011, 94th Cong.2d Sess. 6, *reprinted in* 1976 U.S.Code Cong. & Ad.News 5913. This is particularly acute where counsel represents a class. To act otherwise, counsel would be remiss in his duty to fully pursue all allegations and issues. We do not intimate, however, that issues must be pursued even though frivolous, unreasonable, or without foundation. *Jones v. Diamond,* 636 F.2d 1364, 1382 (5th Cir.1981) (en banc). In those instances where the subsidiary issues are related to the primary issue so that one may not be divorced from the other, the subsidiary issue cannot be ignored because its pursuit may not bear fruit. Moreover, we have consistently held that one does not have to succeed on all claims in order to obtain attorney's fees. *Jones,* 636 F.2d at 1382; *Robinson v. Kimbrough,* 620 F.2d 468, 478 (5th Cir.1980). In those instances where one is unsuccessful on a subsidiary issue, we must determine that issue's relationship to the primary issue as well as the objective of the lawsuit. *Jones,* 636 F.2d at 1382.

■ Williams decided to press her case on behalf of the class after the October 9, 1978, resolution to prove that the remedy provided by the agreement was not adequate. This objective and concern is shown by five out of the seven depositions taken by Williams. The adequacy of a remedy is an obvious and legitimate concern of a class. Moreover, if Williams had not pressed forward in determining whether the agreement provided adequate housing, she would have been delinquent in her duty as a class representative. Because a duty existed, as a class representative, to test the adequacy of the remedy, and that question is so closely related to the primary issue and objective of the case, we find no reason to consider it a separate claim. Thus, for the time spent pursuing this line of inquiry, we find that Williams should receive costs and attorney's fees. This finding is consistent with the established principles governing attorney's fees, and is consistent with the broad interpretation accorded the statute.

*See Jones, Iranian Student's Association,* and *Morrow.* The crucial consideration when determining the award of attorney's fees on subsidiary issues is: Do they logically flow or relate to the primary issue and the objective of the suit? In this case, we find that they do.

Accordingly, this case is reversed in part, and remanded with directions to the district court to grant all requested attorney's fees and costs for work prior to October 9, 1978. Additionally, we direct the district court to award the requested attorney's fees and costs for services performed after October 9, 1978. We affirm the district court's refusal of a fifty percent (50%) multiplier in this case.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.

LEWIS R. MORGAN, Senior Circuit Judge, dissenting:

I respectfully dissent. The majority opinion states that the "only question with which we are concerned is: How much is Williams entitled to receive?" 702 F.2d at 975–976. On the contrary, I believe that is a question properly left to the discretion of the district court. Our review is limited to whether the district court abused its discretion in determining reasonable attorney's fees for a prevailing party. *Cappel v. Adams,* 434 F.2d 1278 (5th Cir.1970). Under the facts of this case, I cannot conclude that the district court abused its discretion.

Appellant originally brought this action seeking declaratory and injunctive relief, nominal and punitive damages, attorney's fees and costs, and class certification. In June of 1978, the defendants offered in settlement a Section 8 housing program, but appellant rejected the offer after reviewing its terms. Further settlement negotiations were unsuccessful, and on October 9, 1978, the defendants implemented their proposed housing program without ap-

pellant's approval, and moved the district court to dismiss her action as moot. In March of 1979, the district court granted the defendants' motion with respect to the injunctive aspects of appellant's case since a Section 8 housing program had been implemented, but allowed her to continue claims for nominal and punitive damages, and attorney's fees and costs.[1] The same order extended time for discovery so that appellant could further investigate intentional discrimination, information necessary to support her claims for damages, and denied class certification. Order of March 21, 1979, Supplemental Record on Appeal, Vol. 3, at 474–80. Appellant eventually dismissed all remaining claims except those for attorney's fees and costs. The district court then held that appellant was not a prevailing party and refused to award any attorney's fees. Another panel of this court reversed and remanded for a determination of reasonable attorney's fees under 42 U.S.C. § 1988. *Williams v. City of Fairburn, Georgia,* 640 F.2d 635 (5th Cir.1981). On remand, the district court found that appellant prevailed only on the injunctive claim since she voluntarily dismissed the claims for nominal and punitive damages. The district court reasoned that appellant unwillingly prevailed on this issue on October 9, 1978, when the defendants implemented the Section 8 housing program, and accordingly refused to award the majority of fees and costs claimed by appellant for work done after that date. The district court did, however, award a total of $8,000 in fees and costs for work done before October 9, 1978, and for work done on the earlier appeal in which appellant prevailed.[2] Appellant had claimed over $37,000 in attorney's fees and costs.

The majority opinion, in awarding all fees and costs claimed after October 9, 1978, reasons that appellant was under a duty to test the adequacy of the housing program,

---

1. Thus, the majority opinion is somewhat misleading when it states that the district court disagreed with the defendants' claim of mootness. 702 F.2d at 975.

2. The majority opinion incorrectly states that the district court denied all attorney and paralegal costs before October 9, 1978, and all attorney time spent on the first appeal in this case. 702 F.2d at 975–976.

thereby justifying further legal expenses. I disagree. Appellant had ample opportunity to review and consider the housing program when it was first proposed to her in June of 1978. She apparently believed the offer was inadequate, but after the program was implemented the district court held that it provided the relief she sought. The defendants should not be forced to pay for her mistake in evaluating the proposal. Moreover, the majority of time spent by appellant's attorney after October 9, 1978, was for investigating intentional discrimination in pursuit of her damages claims. Appellant later abandoned these claims. In short, appellant prevailed on none of her original claims after the defendants implemented the Section 8 housing program, and thus I believe she is entitled to no attorney's fees for work, other than the first appeal, done after that time. My position is consistent with numerous cases in which this court has held that when a party prevails on some issues and fails on others, then attorney's fees should be awarded for only those claims on which the plaintiff prevails, provided work done for the successful and unsuccessful claims can be distinguished. See, *e.g.*, *Jones v. Diamond*, 636 F.2d 1364 (5th Cir.1981) (en banc); *Familias Unidas v. Briscoe*, 619 F.2d 391 (5th Cir.1980). In the present case, I believe October 9, 1978, the date on which the housing program was implemented, provides a perfect point at which to distinguish work done on successful claims from work done on unsuccessful claims. Of course, my ultimate concern with the rationale of the majority opinion is that future plaintiffs will have no incentive to accept a reasonable and fair settlement offer from defendants. Future plaintiffs, in reliance on this case, will have nothing to lose by continuing and prolonging litigation, knowing they can exact attorney's fees for work done long after defendants offer or provide the relief sought.

Finally, even if I agreed with the majority opinion with respect to which fees and costs should be reimbursed, I would still dissent. The majority directs the district court to do precisely what we normally prohibit—awarding of attorney's fees and costs without any examination of their reasonableness. This court has provided a specific set of guidelines for district courts to use in awarding *reasonable* attorney's fees in civil rights cases. *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir.1974); *Jones v. Diamond, supra*. The district judge below carefully reviewed each of these guidelines in determining what amount would be reasonable in appellant's case. I find no abuse of discretion in his determination. The majority, on the other hand, discusses none of these factors and broadly orders the district court to award all requested fees and costs.

For these reasons, I believe the judgment of the district court should be affirmed.