TEXAS STATE TEACHERS ASSOCIA-
TION, et al., Plaintiffs,

v.

SAN ANTONIO INDEPENDENT
SCHOOL DISTRICT, et al.,
Defendants.

No. SA–82–CA–626.

United States District Court,
W.D. Texas,
San Antonio Division.

Dec. 30, 1983.

Dianne E. Doggett, Leonard Schwartz, Austin, Tex., Truman W. Dean, Houston, Tex., for plaintiffs.

Joseph E. Scuro, Jr., Roy Barrera, Nicolas & Barrera, Inc., San Antonio, Tex., for defendants.

Hubert W. Green, San Antonio, Tex., for Victor Rodriguez, Superintendent and D. Frank Clark, Asst. Superintendent, San Antonio Independent School Dist.

Joe B. Hairston, Doyal, Hairston & Walsh, P.C., Austin, Tex., for San Antonio Independent School Dist.

## MEMORANDUM OPINION AND ORDER

SHANNON, District Judge.

On the 2nd day of December, 1983, came on to be heard Plaintiffs' Motion for Attorneys' Fees. Upon consideration of the pleadings, evidence and arguments of counsel, the Court has determined that attorneys' fees and expenses should be awarded.

Plaintiffs have sought and obtained a favorable finding from this Court, based on the Final Judgment entered in their favor on December 29, 1983. Therefore, plaintiffs have obtained "prevailing parties" status under the Attorneys' Fees Award Act, 42 U.S.C. § 1988.

Plaintiffs' attorneys' fees are routinely awarded to a prevailing plaintiff in civil rights cases, unless some special circumstances exist which would render such an award unjust. *Albermarle Paper Co. v. Moody,* 422 U.S. 405, 415, 95 S.Ct. 2362, 2370, 45 L.Ed.2d 280 (1975). The "special circumstances" exception has been interpreted by the Fifth Circuit as a limited exception, requiring a strong showing of the circumstances which would render the award unjust. *Riddell v. National Democratic Party,* 624 F.2d 539, 543–544 (5th Cir.1980). No such "special circumstances" are applicable to this case.

Plaintiffs need not prevail as to every aspect in order to qualify as "prevailing parties" and thereby be entitled to an award of attorneys' fees. *Familias Unidas v. Briscoe,* 619 F.2d 391, 406 (5th Cir. 1980); *Iranian Students' Association v. Edwards,* 604 F.2d 352, 353 (5th Cir.1979); *accord, Planned Parenthood Association of Kansas City v. Ashcroft,* 655 F.2d 848, 872 (8th Cir.1981). The "prevailing parties" standard applied in the Attorney's Fees Award Act focuses on whether or not the plaintiff has been successful on central issues involved in the litigation or has ac-

quired the primary relief sought. *Iranian Students' Association v. Edwards, supra* 604 F.2d at 353. In this case, the plaintiffs have been 100 per cent successful in obtaining a ruling for injunctive, monetary, and exemplary relief from defendants' retaliatory actions.

The provisions authorizing the trial court to award reasonable attorneys' fees to prevailing parties in civil rights actions have been liberally interpreted in the Fifth Circuit in favor of such awards. *Bolton v. Murray Envelope Corp.*, 553 F.2d 881, 884 (5th Cir.1977); *Sagers v. Yellow Freight System Inc.*, 529 F.2d 721, 739 (5th Cir. 1976).

■ While this Court's discretion in determining such awards is broad, *see, Dowdell v. City of Apopka, Florida*, 698 F.2d 1181, 1187 (11th Cir.1983); *Davis v. Fletcher*, 598 F.2d 469, 470 (5th Cir.1979), nonetheless must "properly consider the relationship between the extent of success and the amount of the fee award," enunciating sufficient facts demonstrating that relationship. *Hensley v. Eckerhart, supra*, — U.S. ——, ——, 103 S.Ct. 1933, 1942, 76 L.Ed.2d 40 (1983).

■ According to the United States Supreme Court, a plaintiff's success is a crucial factor in determining the proper amount of an award of attorneys' fees under 42 U.S.C. § 1988. *Id.* at 1943. The Court noted a distinction between claims that are unrelated to the claims on which a plaintiff succeeds and those which are unsuccessful but are interrelated with those on which a plaintiff succeeds. In the former, no fee is awarded; in the latter, a reasonable fee is awarded. *Id.* at 1940–41. Emphasizing that "the most critical factor is the degree of success obtained [,]" the Supreme Court concluded:

> ... Much of counsel's time will be devoted generally to the litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim basis. Such a lawsuit cannot be viewed as a series of discreet claims. Instead, the district court should focus on the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation. (Emphasis added.)

*Id.* at 1940.

\* \* \* \* \* \*

> ... Where a lawsuit consists of related claims, a plaintiff who has won substantial relief should not have his attorney's fee reduced simply because the district court could not adopt each contention raised.

*Id.* at 1943.

■ In this case, plaintiffs were successful in obtaining very substantial relief in both damages and injunctive relief. The school district and the individual defendants were assessed $15,000.00 as compensatory damages for denial of plaintiffs' first amendment rights and the loss of membership caused by defendants' retaliatory actions. Further damage awards totalled $5,550.68 in compensation for losses due to withdrawals of dues deductions, visitation rights, use of buildings and mailboxes, and the resulting loss of the use of dues monies. Punitive damages were assessed against each of the individual defendants. Moreover, the Court permanently enjoined all defendants from specific retaliatory actions which had been designed to weaken the defendants' political opposition at the expense of the teacher organization's first amendment rights. The Court upon finding no coerciveness in defendant district's Policy 3.15, the exclusive consultation policy wherein defendants recognized plaintiffs as the exclusive representative of all teachers employed in the district, ordered its reinstatement. Thus, the Court granted virtually all relief requested by plaintiffs.

### Standards For Amount of Fee Awards

■ The standard in the Fifth Circuit governing the computation of attorneys' fees is set out in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974) and its progeny. In arriving at an appropriate amount, the district court is required to explain the findings and reasons upon which the award is based, including an indication of how each of the twelve

factors in *Johnson v. Georgia Highway Express, supra,* affected the decision. *Copper Liquor, Inc. v. Adolph Coors,* (Copper II), 624 F.2d 575, 581 (5th Cir. 1980). The United States Supreme Court has expressly approved the full range of such factors. *Hensley v. Eckerhart, supra.*

█ Use of the *Johnson* standard is necessary to determine the reasonableness of the amount to be awarded in this case. Because plaintiffs are currently entitled under 42 U.S.C. § 1988 to recover reasonable attorneys' fees, it must now be decided what amount is reasonable. Plaintiffs have produced evidence indicating that the following hourly rates constitute reasonable rates of compensation in this area of the country:

| | |
|---|---|
| Leonard J. Schwartz | $125.00 |
| Mark Waterman | $125.00 |
| Truman Dean | $ 75.00 |
| Katherine Moore | $ 75.00 |
| Dianne Doggett | $ 75.00 |

Based on the contemporaneous time records submitted in evidence, the following hours were used by each attorney:

| | |
|---|---|
| Leonard J. Schwartz | 552.00 hours |
| Dianne Doggett | 656.35 hours |
| Katherine Moore | 386.75 hours |
| Truman Dean | 60.75 hours |
| Mark Waterman | 56.00 hours |

Counsel for the defense stipulated in a letter to plaintiffs' counsel dated December 6, 1983, that these rates and hours were reasonable. These time expenditures and rates of compensation are reasonable in light of the twelve factors enumerated in *Johnson v. Georgia Highway Express, Inc., supra,* in the following respects.

1. *Time and Labor Required:* Indicated by plaintiffs' time records and expense statements of their counsel, such counsel attempted to avoid unnecessary duplication of effort, during the preparation and trial of this case, specifically in conducting legal research, conferring with clients, conducting factual investigations, preparing for and taking depositions, preparing and responding to motions and briefs and appearing in court. In some instances, more than one attorney has been present at pre-trial discovery depositions. Each attorney worked on different aspects of the case and its preparation. The only duplication of effort occurred when more than one attorney attended court hearings. Such duplication was not unreasonable and is de minimus. All attorneys contributed to the outcome of the case. The use of out-of-town counsel was reasonable in that the firm hired, Waterman & Schwartz, specializes in school and civil rights law. The firm handles a majority of all teacher litigation within the State of Texas. The time and labor required by counsel was warranted. The case involved the question of the motivation of the defendants, a difficult burden of proof for plaintiff, at best. Moreover, at the behest of the Court, the case was tried upon extensive stipulations. The stipulations were initially prepared by plaintiffs' counsel and the undisputed testimony is that the stipulations went through nine drafts prior to submission to opposing counsel.

2. *Novelty and Difficulty of Questions:* The questions presented to the Court were difficult of proof. Furthermore, the overall scope of the retaliation issue increased the degree of difficulty. However, the Court declines to enhance the award because of the relatively short duration of this case and because the issues involved were not so novel as to warrant more than the customary fee.

3. *Preclusion of Other Employment By Attorney Due To Acceptance of Case:* The acceptance of this case precluded plaintiffs' counsel from accepting other employment. The evidence demonstrates that for the three (3) weeks prior to the submission of the case, three of the firm's four attorneys were devoting full time to the case.

4. *Customary Fee:* Plaintiffs' counsel submitted affidavits to establish their current billing rates. Defendants' counsel, who is also a specialist in civil rights defense, stipulated that these fees were reasonable.

5. *Whether the Fee is Fixed or Contingent:* The fee for this case is partially contingent. The law firm works on a retainer which does not adequately compensate counsel for cases assigned to them pursuant to the retainer. The firm must succeed and win attorney's fees if it is to earn a profit. At the time counsel accepted the case, the chances for success were far from certain. Indeed, while the evidence of retaliation now looks overwhelming, at the beginning of the litigation, the chance of success was doubtful.

6. *Time Limitations Imposed:* During the course of the litigation, circumstances imposed severe time limitations upon counsel. They were called upon more than once to obtain temporary injunctive relief and they were successful each time they were called upon to obtain speedy relief.

7. *Experience, Reputation, and Ability of the Attorneys:* The attorneys have submitted affidavits as to their reputation, experience, and ability. Mr. Schwartz is highly regarded in his field. Mr. Schwartz was the legal director for the American Civil Liberties Union of Ohio, and, as such, handled dozens of civil rights cases at all court levels. He has been licensed to practice law for thirteen years and has ten years experience as a trial and appellate attorney in civil rights cases. He is a member of the bars of the Supreme Court of Ohio and Texas and is licensed to practice, and has appeared before, the following federal courts: United States Supreme Court; United States Court of Appeals for the Fifth, Sixth, and Seventh Circuits; United States District Courts for the Southern and Northern Districts of Ohio, the District of Nebraska, and the Southern, Eastern, Western and Northern Districts of Texas. He has also appeared before numerous other courts, and is admitted in the new Fifth and Eleventh Circuits.

He has handled numerous discrimination, school law and other civil rights cases in the federal court systems, including: *Shanley v. Northeast Independent School District,* 462 F.2d 960 (5th Cir.1972); *Sterzing v. Fort Bend Independent School District,* 376 F.Supp. 657 (S.D.1972), *jud't vacated on other grounds,* 496 F.2d 92 (5th Cir. 1974); *Demkowicz v. Endry,* 411 F.Supp. 1184 (S.D.Ohio 1974); *Columbus Education Association v. Columbus City School District,* 623 F.2d 1155 (6th Cir.1980); *Garza v. Brownsville Independent School District,* 700 F.2d 253 (5th Cir.1983).

Mr. Schwartz has argued before the United States Supreme Court, *see Lehman v. City of Shaker Heights,* 418 U.S. 298, 94 S.Ct. 2714, 41 L.Ed.2d 770 (1974), and has been on considerable number of briefs before the Court, *see, e.g., Scheuer v. Rhodes,* 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); *Grit v. Wolman,* 410 U.S. 903, 93 S.Ct. 952, 35 L.Ed.2d 265 (1973), *affirming sub nom., Wolman v. Kosydar,* 353 F.Supp. 744 (S.D.Ohio 1972) and *Gilligan v. Morgan,* 413 U.S. 1, 93 S.Ct. 2440, 37 L.Ed.2d 407 (1973). He has also argued before the Fifth Circuit *en banc. See Bazaar v. Fortune,* 489 F.2d 225 (5th Cir. 1973), *cert. denied,* 416 U.S. 995, 94 S.Ct. 2409, 40 L.Ed.2d 774 (1974).

Mr. Schwartz is a biographee in the first, second and third editions of "Who's Who In American Law."

The late Mark L. Waterman was a 1974 graduate of Boston College Law School. He was admitted to practice before the U.S. District Courts of the Southern District of Texas and the U.S. Court of Appeals for the Fifth Circuit. Mr. Waterman had a great amount of experience in litigation in Federal Court, representing both plaintiffs and defendants in constitutional and statutory civil rights cases.

Katherine L. Moore is an 1980 graduate of the University of Houston Law School. She is admitted to practice before the U.S. Court of Appeals for the 5th Circuit. She is also admitted to practice before the U.S. District Courts of the Southern and Western Districts of Texas. Ms. Moore has experience in litigation of federal court cases, representing plaintiffs in constitutional and statutory civil rights cases.

Dianne E. Doggett is a 1979 graduate of the University of Texas School of Law and has been licensed by the State Bar of Texas

since November, 1979. In 1981, Ms. Doggett was an appeals referee at the Texas Employment Commission. In early 1982, Ms. Doggett served as a hearing officer at the Texas Education Agency and presided over several hearings involving disputes between school districts and their employees. She joined this firm in August, 1982. She is admitted to the Southern and Western District of Texas.

Truman W. Dean, Jr. is a 1979 graduate of the University of Houston Law School. Mr. Dean's practice has been primarily involved in labor law and civil rights litigation with emphasis upon first amendment matters. He has had the principal responsibility for drafting pleadings and accomplishing extensive discovery in many very difficult and vigorously contested federal cases based on first amendment, equal protection and due process claims. He has researched and prepared briefs concerning complex procedural, jurisdictional, and substantive issues involved in these and other federal cases.

8. *The Skill Requisite to Perform the Legal Service Properly:* Plaintiffs were opposed by extremely competent legal counsel. Many times the Court would ask difficult legal questions of plaintiffs' counsel and usually they were prepared with legal authority for plaintiffs' positions. When they could not immediately provide the Court with appropriate authority, they would do so with dispatch. The depositions of the defendants taken by Mr. Schwartz on behalf of the plaintiffs evidence a highly skilled trial attorney. This skill was necessary to obtain the admissions from the defendants which ultimately lead to the decision in plaintiffs' favor.

9. *The Amount Involved and the Results Obtained:* The plaintiffs were the prevailing parties and prevailed on all issues. The attorneys successfully obtained injunctive relief and damages, including punitive damages.

10. *Undesirability of the Case:* The case was not "undesirable" to a firm which specializes in this type of litigation. Rath-

er, it was desirable as success could only add to the reputation of plaintiffs' counsel.

11. *Nature and Length of Professional Relationship with Clients:* The plaintiff TSTA has had a long professional relationship with plaintiffs' counsel and utilizes them for numerous teacher and association rights cases.

12. *Awards in Similar Cases:* The award herein granted is comparable to awards in similar cases. Accordingly, attorneys' fees in the amount of $158,801.25 are awarded to plaintiffs.

### AWARD OF OUT-OF-POCKET EXPENSES

"[W]ith the exception of routine office overhead ... all reasonable expenses incurred in case preparation, [and] during the course of litigation ... may be taxed as costs under Section 1988." *Dowdell v. City of Apopka, Florida, supra,* 698 F.2d at 1192. Accordingly, costs in the amount of $29,480.34 are awarded to plaintiffs.

Accordingly, it is ORDERED that defendants, jointly and severally, pay plaintiff TSTA reasonable attorneys' fees and costs in the total amount of $188,281.59.

### FINAL JUDGMENT

IT IS ORDERED, ADJUDGED and DECREED that plaintiff Texas State Teachers Association (hereinafter called "TSTA") recover from Defendants William R. Elizondo, Sylvia Ward, Oscar E. Cisneros and Thomas C. Lopez, in their individual and official capacities, and San Antonio Independent School District (hereinafter called "SAISD"), jointly and severally, the sum of $15,000.00 as compensatory damages for denial of its First Amendment rights and the loss of membership caused by the actions of the defendants, the sum of $4,930.82 for the losses incurred due to the withdrawal of dues deduction, the sum of $3.00 as nominal damages for the loss of visitation rights, loss of use of mailboxes and loss of the use of buildings, and the sum of $616.86 for the loss of the use of dues monies;

IT IS FURTHER ORDERED, ADJUDGED and DECREED that plaintiff TSTA recover of defendants Elizondo and Cisneros, in their individual capacities only, the sum of $500.00 from each, as punitive damages;

IT IS FURTHER ORDERED, ADJUDGED and DECREED that plaintiff TSTA recover of defendants Ward and Lopez, in their individual capacities only, the sum of $100.00 each as punitive damages;

IT IS FURTHER ORDERED, ADJUDGED and DECREED that plaintiff Pat Clayworth recover of defendants Elizondo, Ward, Cisneros and Lopez, in their individual and official capacities, and SAISD, jointly and severally, the sum of $2,086.28 for loss of her tuition and books and the sum of $1,000.00 as general compensatory damages;

IT IS FURTHER ORDERED, ADJUDGED and DECREED that plaintiff Pat Clayworth recover of defendants Elizondo and Cisneros, in their individual capacities only, the sum of $100.00 each as punitive damages;

IT IS FURTHER ORDERED, ADJUDGED and DECREED that plaintiff Pat Clayworth recover of defendants Ward and Lopez, in their individual capacities only, the sum of $50.00 each as punitive damages;

IT IS FURTHER ORDERED, ADJUDGED and DECREED that defendants Elizondo, Ward, Lopez and Cisneros, and SAISD, its Board of Trustees, their agents, employees, successors and all those acting in concert with them or subject to their official control and direction, be, and hereby are, permanently enjoined from (1) refusing to allow representatives of the TSTA, its agents and its members, plaintiffs and members of plaintiffs' classes from visiting with TSTA members and with non-member employees of the SAISD on school property when the property is otherwise open to students or faculty, so long as such visits do not materially and substantially disrupt the operation of SAISD's schools; (2) preventing TSTA, its agents and its members and the members of plaintiffs' classes from distributing membership materials and other types of literature to teachers and other employees of SAISD within the facilities operated by defendant SAISD; (3) prohibiting members of TSTA and members of the plaintiffs' classes from discussing association business or concerns on school property or from passing TSTA materials among themselves; (4) refusing to continue either the association or the educational leave previously granted plaintiff Clayworth; (5) refusing to continue to allow TSTA's affiliates to use payroll deduction to collect their dues; (6) denying TSTA, SATC and their members, and the members of plaintiffs' classes all benefits and privileges previously granted to them unless there are legitimate and nondiscriminatory reasons for withdrawing such privileges; (7) refusing to reinstate SAISD's Policy 3.15, the exclusive consultation policy, the agreement with SATC to act as the exclusive representative of teachers employed by SAISD and that portion of Policy 6.05(3) permitting dues deductions for employee organizations, as such policies and agreements existed on July 11, 1982; (8) refusing to recognize SATC as the exclusive representative of the professional employees of SAISD; (9) denying TSTA, its affiliates and the members of plaintiffs' classes the use of school buildings for meetings, and the use of school bulletin boards, teachers' mailboxes and the internal mail distribution system (the "pony"); and (10) enforcing or threatening to enforce any regulation, plan or policy of defendants designed or calculated to inhibit or retaliate, directly or indirectly, against plaintiffs and the members of their classes and subclasses, from, or because of their, joining together for collective purposes and/or undertaking activities which are for their common welfare or which this court previously declared to be protected conduct.

The costs, including reasonable attorneys' fees and expenses of this litigation, are taxed to defendants SAISD, Elizondo, Ward, Lopez and Cisneros, jointly and severally, in the amount of $188,281.59.

The sums awarded herein, including attorneys' fees, shall bear interest at the rate of nine per cent (9%) per annum until paid.

The Court has previously denied a stay of the injunctive relief herein granted but defendants may file a supersedeas bond in the amount of the judgment, without need of a corporate surety.