Andrew L. **MANNINGS**, et al., Plaintiffs,

v.

The **SCHOOL BOARD OF HILLSBOROUGH COUNTY, FLORIDA (Formerly Board of Public Instruction of Hillsborough County, Florida), et al., Defendants.**

No. 58–3554–CIV–T–17A.

United States District Court,
M.D. Florida,
Tampa Division.

July 13, 1993.

Francisco Rodriguz, Warren H. Dawson, Tampa, FL, for plaintiffs.

Thomas M. Gonzalez, Thompson, Sizemore & Gonzalez, Walter Crosby Few, Few & Ayala, Tampa, FL, for defendants.

John William MacKay, John W. MacKay, P.A., Tampa, FL, for intervenors-plaintiffs.

## ORDER DIRECTING PLAINTIFFS TO SHOW CAUSE

KOVACHEVICH, District Judge.

Before this Court for consideration are Plaintiffs' Motion For Interim Attorneys' Fees and Costs (Docket No. 432); Defendants' Motion For Leave To Effect Discovery, [For Evidentiary Hearing] And To File A Supplemental Response To Plaintiffs' Motion For Attorneys' Fees (Docket No. 507); Defendants' Response To Plaintiffs' Motion For Interim Attorneys' Fees and Costs (Docket No. 508); Plaintiffs' Response To Defendants' Motion For Leave To Take Discovery; For An Evidentiary Hearing; And for Leave To File a Supplemental Response To Plaintiffs' Motion For Attorneys' Fees (Docket No. 516).

## I. PROCEDURAL HISTORY

The original complaint in this matter was filed in late 1958. In July of 1971, this Court entered its Opinion and Order re: Plan of School Board of Hillsborough County (Docket No. 255). This Order, while not a final judgment, constituted a final and appealable order as to all significant issues in dispute between the parties.

This Court retained jurisdiction of the implemented desegregation plan. Activity in this matter has ebbed and flowed since 1971, culminating in the Consent Order of this Court dated October 24, 1991 (Docket No. 428). The Consent Order adopted the agreed stipulations of the parties regarding an updated desegregation plan. This order, as with this Court's Opinion and Order entered in July of 1991, represented a final and appealable order as to all significant disputes between the parties.

## II. PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND DEFENDANTS' RESPONSE

Within thirty days after this Court entered its Consent Order, as required by Local Rule 4.18, Rules of the Middle District. Plaintiffs filed their motion for interim attorneys' fees and costs, as prevailing parties under the Civil Rights Attorneys' Fees Awards Act of 1976, 42 U.S.C. § 1988 and the Emergency School Aid Act of 1972, 20 U.S.C. § 1617. Both parties agreed to attempt an informal resolution as to Plaintiffs motion, with this Court's approval. These informal negotiations included attempts by Terrell T. Sessums, Esq. to mediate the dispute between the parties as to attorneys' fees. Mr. Sessums was apparently unsuccessful in this endeavor and the parties have each declared the informal mediation efforts to be at an impasse.

Accordingly, the parties are now back before this Court requesting a decision on the matter of attorneys' fees. Plaintiffs' request

this Court find an hourly rate of $350 and a billing time of 3,866.3 to be reasonable components for the lodestar computation of Plaintiffs' attorneys' fees. Therefore, Plaintiffs request this Court award Plaintiffs a minimum of $1,353,205.00 in attorneys' fees for services rendered by various attorneys on behalf of the Plaintiffs since the beginning of this litigation.

The billing hours reflect the work of at least ten different attorneys, all employed by, or working on behalf of, the Legal Defense Fund. Attorneys working for the Legal Defense Fund have been instrumental in seeking remedies for the deprivation of constitutional rights of Plaintiffs in this matter, as they have for plaintiffs in the vast majority of school desegregation cases litigated across this country in the last three decades.

Defendants object to such an award. Defendants assert Plaintiffs have failed to provide this Court with the factual information necessary for this Court to make a determination as to the reasonableness of the attorneys' fees requested.

In particular, Defendants point to the lack of specific attorneys' names associated with the work performed on the Time and Activity Report, filed by Plaintiffs, in support of the billing hours for which Plaintiffs request compensation. Defendants also assert Plaintiffs' failure to certify and attest to the Time and Activity Report demonstrates that the Plaintiffs' report is merely an approximation of time.

Further, Defendants argue that attorneys fees for several of Plaintiffs' previous attorneys, who are deceased, cannot now be ascertained because neither Defendants, nor anyone else, can find out if these attorneys intended to ultimately receive compensation for their services. Additionally, Defendants claim that at least three of the attorneys of record were not employed by the Legal Defense Fund. Accordingly, Defendants assert, payment to the Legal Defense Fund for services of these attorneys would be a windfall to the Legal Defense Fund, while Defendants fear the individual attorneys would still have independent claims for fees. Defendants further allege that such claims cannot be assigned to the Legal Defense Fund.

Additionally, Defendants argue an award of attorneys' fees to Plaintiffs, for services rendered prior to the 1971 desegregation order, would be manifestly unjust to the Defendants, due to the passage of time. Defendants maintain Plaintiffs have let pass several opportunities to move for attorneys' fees for the period prior to the 1971 order, and thus have waived their right to such fees, or should be estopped from claiming such fees. Further, Defendants object strenuously to what they consider stale attorneys' fees in light of the fact Plaintiffs are seeking an hourly rate enhanced to present value for services rendered throughout the litigation. Defendants argue that enhancement, a judicial shield to avoid the inequity of delay to plaintiffs attorneys, is being used by the Plaintiffs as a sword to inflate Plaintiffs' attorneys' fees claim.

Defendants also object to certain attorneys' fees claimed by Plaintiffs for services rendered between July of 1971 and October of 1991. Defendants state that some services rendered by Plaintiffs' attorneys, and the amounts of time for those activities, are excessive.

Finally, Defendants object to any enhancement of the hourly rate lodestar component of Plaintiffs' fee calculation because Plaintiffs' operated on a contingency fee basis. Defendants cite Supreme Court precedent disapproving enhancements to attorneys' fee award lodestar calculations for the risks associated with contingency fee cases.

Because of perceived deficiencies in the information supplied by Plaintiffs in support of Plaintiffs' claim for attorneys' fees, Defendants request this Court grant their motion to engage in discovery. Defendants wish to investigate the reasonableness of Plaintiffs attorneys' fees claim for themselves. Next, Defendants request permission to file a supplemental response to Plaintiffs' motion in light of the information they cull from discovery. Further, Defendants move for an evidentiary hearing as to the reasonableness of the attorneys' fees claimed by Plaintiffs.

In response to Defendants' requests, Plaintiffs have requested this Court hold a series of status conferences, permit the Plaintiffs to

propound their own discovery upon Defendants, and allow the parties to submit supplemental responses to the motions, responses, and memoranda already filed regarding attorneys' fees. Finally, Plaintiffs advise this Court they intend to hire special fee counsel to assist in "the conduct of this new round of litigation".

### III. DISCUSSION

At the outset, this Court wishes to note that it is unfortunate the parties were unable to resolve this dispute informally. It is even more unfortunate neither party was able to propose a reasonable, efficient, and fair course of action this Court could adopt with regard to the issue of attorneys' fees. One would expect that after negotiating for more than two years, the parties might be at least somewhat closer to a compromise. The Plaintiff is asking for an amount of money that is patently unreasonable, assumably this is merely Plaintiffs' starting point for negotiations. Defendants, on the other hand are basically maintaining that Plaintiff is entitled to little, or no, attorneys' fees. Both parties have bent the law and the facts to conform to their extreme positions. As with most disputes, justice and reason reside somewhere in between the extremes.

### A. PLAINTIFFS' REQUEST FOR ATTORNEY FEES FOR SERVICES RENDERED PRIOR TO THIS COURT'S 1971 ORDER

#### i. Legal Framework

A court is to apply the law in effect at the time it renders its decision, unless doing so would result in manifest injustice, or there is statutory or legislative history to the contrary. *Bradley v. School Bd. of Richmond,* 416 U.S. 696, 711, 94 S.Ct. 2006, 2016, 40 L.Ed.2d 476 (1974). Thus, in this case, the proper basis for an award of attorneys' fees, if justified, is 42 U.S.C. § 1988, The Civil Rights Attorneys' Fee Award Act of 1976, and not the Emergency School Aid Act of 1972, which has been repealed and is no longer law.

Plaintiffs who prevail in a school desegregation case may recover **reasonable** attorneys' fees, pursuant to 42 U.S.C. § 1988,

unless **special circumstances render an award unjust.** *Gaines v. Dougherty County Bd. of Educ.,* 775 F.2d 1565 (11th Cir.1985). A prevailing party, for purposes of 42 U.S.C. § 1988, is deemed to be a civil rights plaintiff who has succeeded on any significant issue in the litigation which has achieved some of the benefit the parties sought in bringing suit. *Teacher's Ass'n v. Garland Independent School District,* 489 U.S. 782, 791–2, 109 S.Ct. 1486, 1493–94, 103 L.Ed.2d 866 (1989). Parties may be considered to have prevailed when they vindicate rights through a consent judgment or decree. *Martin v. Heckler,* 773 F.2d 1145, 1149 (11th Cir.1985).

The civil rights attorneys' fees provision of 42 U.S.C. § 1988 is remedial in nature and should be broadly interpreted to facilitate private enforcement of individual constitutional rights. *Williams v. City of Fairburn,* 702 F.2d 973, 976 (11th Cir.1983). The 42 U.S.C. § 1988 Fee Award Act applies to any case which is pending or which has not been finally resolved before its passage. *Northcross v. Board of Ed. of Memphis City Schools,* 611 F.2d 624, 633 (6th Cir.1979). *See also Gaines,* 775 F.2d at 1569, (*citing Hutto v. Finney,* 437 U.S. 678, 694 n. 23, 98 S.Ct. 2565, 2575 n. 23, 57 L.Ed.2d 522 (1978)).

#### ii. Plaintiffs' Delay in Moving For Attorneys' Fees

The Plaintiffs in this case are considered prevailing parties, both as to the 1971 and the 1991 orders rendered by this Court. Both orders have furthered Plaintiffs' ultimate goals of achieving a unitary school system in Hillsborough County, and protecting civil rights.

However, in this case, Plaintiffs have waited an inexplicably long time to request attorneys' fees for services rendered prior to the 1971 order. As Defendants point out, Plaintiffs had opportunities both in 1972, when the Emergency School Aid Act was passed, and again in 1976, when the Civil Rights Attorneys' Fee Award Act became law, to request fees for work performed up to the time of the 1971 order. Both the United States Supreme Court and the Eleventh Circuit Court of Appeals have stressed the importance of reasonableness in the award of attorneys' fees under 42 U.S.C. § 1988. The

Plaintiffs' unexplained, fifteen to twenty year, delay in moving for attorneys' fees for services rendered prior to the 1971 order appears to be, at the very least, unreasonable. This Court **ORDERS THE PLAINTIFFS TO SHOW CAUSE,** through a written response to this Court's Order, why their voluntary delay in moving for attorneys' fees for this period of time does not constitute a special circumstance, requiring the Court deny Plaintiffs' motion as to fees for that period. Further, this Court **ORDERS PLAINTIFFS TO SHOW CAUSE,** in a written response to this Court's Order, why awarding Plaintiffs the attorneys' fees they seek for services rendered prior to the 1971 order would not be unjust and unfair to the Defendants. In doing so this Court is seeking to provide Plaintiffs with an opportunity to explain this seemingly unreasonable delay, giving the Plaintiffs the benefit of the doubt, as contemplated by the civil rights fee shifting statute.

■ Because of delay in payment, Plaintiffs request enhancement, to present day value, of the hourly rate proposed for the Court to use to calculate the lodestar for the claimed fees award. Since the delay appears to be solely due to the Plaintiffs' failure to request fees, this Court finds such an enhancement manifestly unjust. Enhancement of an hourly rate for an award of attorneys' fees, due to delay in payment to the plaintiff's attorney, is available under appropriate circumstances. *Gaines,* 775 F.2d at 1572 (citing *Johnson v. University of Alabama,* 706 F.2d 1205, 1210–11 (11th Cir.1983)). However, Plaintiffs' own lack of diligence has never been approved as an appropriate reason for such an enhancement. Therefore, even if this Court eventually determines that Plaintiffs may recover fees for services rendered prior to the July, 1971 order, this Court **DENIES** Plaintiffs' request that the hourly rate for services rendered during that period be enhanced to present day value.

## B. PLAINTIFFS' REQUEST FOR ATTORNEYS FEES FROM JULY, 1971 THROUGH OCTOBER, 1991

### i. Legal Framework

■ The burden to substantiate attorneys' fees is on counsel for the party seeking the fee award. *Johnson v. University of Alabama In Birmingham,* 706 F.2d 1205 (11th Cir.1983). *See also Norman v. Housing Authority of City of Montgomery,* 836 F.2d 1292, 1299 (11th Cir.1988) [citing *NAACP v. City of Evergreen,* 812 F.2d 1332, 1338 (11th Cir.1987) ]. The starting point in any determination for an objective estimate of the value of an attorney's services is to multiply hours reasonably expended by a reasonable hourly rate. *Norman,* 836 F.2d at 1299 [citing *Hensley v. Eckerhart,* 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983) ].

■ A reasonable hourly rate is the market rate prevailing in the legal community for similar services by lawyers of comparable skills, experience and reputation. *Norman,* at 1299. Opinion evidence of the attorney requesting fees as to market rates, is, by itself, not sufficient evidence of prevailing market rates. *Id.*

■ Fee applicants should submit evidence of rates actually billed and paid in similar law suits. *Id.* Evidence of comparable rates may be given through direct evidence of charges by lawyers under similar circumstances, or through opinion evidence from other attorneys. *Id.*

■ When evidence of comparable rates of other attorneys in similar law suits is unavailable, irrelevant to the issue before the court, or when a party wishes to add emphasis to an aspect of the comparable rate, the court **may** consider the twelve *Johnson* factors in determining the reasonable hourly rate. *Id.* *See Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714, 717–19 (5th Cir. 1974) for a list of the twelve *Johnson* factors. The Eleventh Circuit developed the *Johnson* factors, prior to the Supreme Court's approval of the lodestar analysis in *Hensley,* as a method of determining the reasonableness of attorneys' fee awards. *See Johnson,* 488 F.2d at 714; and *Norman,* 836 F.2d at 1299.

■ The Supreme Court subsequently adopted the lodestar method for calculating

reasonable fees, finding this method more objective than the *Johnson* factor analysis. *See Hensley*, 461 U.S. at 424, 103 S.Ct. at 1933. Following Supreme Court precedent, the Eleventh Circuit has limited use of the *Johnson* factors to those instances when direct or opinion evidence of comparable rates is ineffective in determining a reasonable hourly rate. *Norman*, 836 F.2d at 1299. Accordingly, the *Johnson* factors should be considered only after direct evidence of fees charged by other lawyers in similar cases has been considered. *Id.*

 Hours reasonably expended do not include billing time that is excessive, redundant or otherwise unnecessary. *Id.* at 1301. A lawyer may not be compensated for hours spent on activities for which he would not bill a client of means, using a cost benefit analysis. *Id.* As with the hourly rate computation, reasonableness is the key. The district court has the discretion to exclude excessive or unnecessary work on given tasks. *Id.* Further, generalized statements, by the party seeking the fee award, that the time spent was reasonable do not, by themselves, prove the reasonableness of time spent. *Id.*

 Multiplication of the reasonable hourly rate by reasonable hours expended produces the lodestar for an attorneys' fee award. *Id.* at 1302. The lodestar is presumed to be an objective calculation of a reasonable fee. *O'Rear v. American Family Life Assurance Co.*, 144 F.R.D. 410 (M.D.Fla. 1992) [*citing Blum v. Stenson*, 465 U.S. 886, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984)]. However, adjustments may be made to the lodestar to enhance the award, under certain circumstances. *See Norman*, 836 F.2d at 1302. Enhancements may be made for considerations such as delay in payment, and for exceptional results attained. *Id.* However, enhancement for risk associated with contingency fee arrangements has been expressly prohibited by the Supreme Court. *City of Burlington v. Daque*, —— U.S. ——, ——, 112 S.Ct. 2638, 2643, 120 L.Ed.2d 449 (1992).

### ii. Plaintiffs' Failure To Meet Their Burden of Proof

 The entire factual support submitted by Plaintiffs to prove the reasonableness of their fee request consists of affidavits from the current attorneys of record and a document entitled Time and Activity Report. This Court finds these submissions do not meet the burden of proof Plaintiffs carry as fee applicants.

The Time and Activity Report does not isolate specific hours for specific tasks, nor does it specify which attorney performed which task in any given month, or for any given year. This estimation of time is simply inadequate to provide this Court with a basis for determining whether the hours claimed by Plaintiffs are in fact reasonable. Additionally, Plaintiffs' current attorneys should attest to the reasonableness of the time spent, at least to the services they performed. Further, this Court suggests Plaintiffs submit a summary of time spent in this case that reflects, with more particularity, the amount of time spent on a given task, the number of attorneys performing the same task, and the name of the attorney performing each task.

Further, as noted in *Norman*, 836 F.2d at 1299, the opinions of Plaintiffs' own attorneys, as to the reasonableness of the hourly rate requested in Plaintiffs' fee application, is not sufficient to meet Plaintiffs' burden of proof. The record lacks any evidence of comparable fees charged by other attorneys for substantially similar work in other cases. Assumably, Plaintiffs can use their association with the Legal Defense Fund to obtain direct evidence of fees awarded or paid in other school desegregation cases. This is the type of evidence that provides a basis for an objective assessment of a reasonable hourly rate. At the very least, Plaintiffs should be able to find other civil rights attorneys who can opine in an affidavit as to the reasonableness of the rate they seek.

 The Court wishes to remind Plaintiffs that even if Plaintiffs do not meet their burden of proof in substantiating the reasonableness of the attorneys' fees they request, this Court has the authority, and in fact is required, to determine reasonableness and make an appropriate fee award. *Norman*, 836 F.2d at 1303. District courts are

considered experts on the issue of reasonableness of attorneys fees. *Id.* Courts may consider their own knowledge and experience concerning reasonable fees, and may form an independent judgment either with or without the aid of evidence or witnesses. *Id.* This Court's inclination, in determining the reasonableness of attorneys fees, is to err much more to the conservative side than Plaintiffs might desire.

This Court refrains from ordering the Plaintiffs to submit additional factual information. However, the amount of time this Court grants Plaintiffs to respond to this Order To Show Cause is calculated to give the Plaintiff an opportunity to submit additional appropriate factual information to meet their burden of proof.

Only after Plaintiffs submit direct factual evidence of a reasonable hourly rate will this Court consider the *Johnson* factors in determining the reasonableness of Plaintiffs' requested hourly rate. Further, if Plaintiffs intend to resort to the *Johnson* factors, Plaintiffs should submit factual proof of the basis for applying any of the twelve factors, and make a specific argument using a specific factor's rationale.

Plaintiffs are also ordered by this Court to address the Defendants assertion that hours spent reviewing the newspaper, over a period of several years, were wasted hours and are excessive. In doing so Plaintiffs should keep in mind the requirement that reasonable hours exclude any time spent on activities that, applying a cost benefit analysis, would not be billed to an average client with means.

### C. DEFENDANTS' MOTIONS TO ENGAGE IN DISCOVERY, FOR EVIDENTIARY HEARING, AND TO FILE SUPPLEMENTAL RESPONSE

This Court finds Defendants request for discovery premature, and therefore this Court **DEFERS JUDGMENT** on this motion until Plaintiff has responded to this Court's Order To Show Cause. It is this Court's hope that, in the course of their response, Plaintiffs will file additional factual information sufficient to meet their burden of proof, alleviating any need for this Court to open this matter to a second branch of litigation. As the Eleventh Circuit Court of Appeals stated in *Norman,* 836 F.2d at 1303 (*citing* the Supreme Court in *Hensley* ), "[a] request for attorney's fees should not result in a second major litigation." If Plaintiffs do not provide sufficient factual information to meet their burden of proof, Defendants motion for discovery shall be reconsidered by this Court. Accordingly, this Court also finds Defendants' request for evidentiary hearing also to be premature, but **DEFERS RULING** pending Plaintiffs' response to this Order.

However, after Plaintiffs file their response to this Court's Order To Show Cause, Defendants' shall be permitted to file a response to that pleading. Thus, Defendants' motion to file a supplemental response is **GRANTED,** provided that such response addresses Plaintiffs' response to this Court's Order To Show Cause.

Additionally, Defendants' response may address any factual information submitted by Plaintiffs with their response to this Order. Defendants are particularly encouraged to submit to this Court, in their response, any factual information that Defendants feel will help this Court determine reasonable attorneys' fees in this matter. Further, Defendants are advised that any objections to Plaintiffs' opinions regarding the reasonableness of hourly rates or time spent should bring forth specific factual evidence of comparable rates or cases that contradict Plaintiffs' evidence, as opposed to generalized objections.

### D. DEFENDANTS' MISCELLANEOUS OBJECTIONS

Defendants' assert that attorneys' fees for the services of attorneys who have previously worked in this matter, and who are now deceased, may not be awarded because the intent of such attorneys may not be discovered, due to their death. This Court finds Defendants' argument to be without merit. Further, this Court finds Defendants' concerns regarding Defendants' allegation that not all Plaintiffs' attorneys of record were directly employed by the Legal Defense Fund to be without merit.

Plaintiffs have alleged that all attorneys of record for this matter have been associated with the Legal Defense Fund. Provided Plaintiffs can verify that all attorneys working in this matter worked on behalf of the Legal Defense Fund in representing the Plaintiffs, and assuming Plaintiffs meet their burden of proving reasonable fees, this Court sees no reason why the Legal Defense Fund cannot recoup attorneys fees, regardless of the individual attorney's actual intent or claim.

### E. PLAINTIFFS' MOTIONS TO ENGAGE IN DISCOVERY, FOR A SERIES OF STATUS CONFERENCES, AND TO FILE A SUPPLEMENTAL RESPONSE

Since this Court has determined that Plaintiffs shall show cause as to why this Court should award attorneys fees for services rendered prior to 1971, this Court **DEFERS RULING** on Plaintiffs motions to engage in discovery, for a series of status conferences, and to file a supplemental response.

This Court admonishes both parties not to make the determination of reasonable attorneys' fees in this case into a protracted second branch of litigation in this matter. Further, this Court wishes to remind Plaintiffs that while attorneys' fees for services rendered in applying for attorneys' fees are generally included in a fee award, such fees must be reasonable, as with any fee application. This Court believes that Plaintiffs' plan to employ separate fee counsel is both unnecessary and excessive. Plaintiffs, and Plaintiffs' counsel, should keep this in mind when deciding further strategy with regard to this issue. Accordingly, it is

**ORDERED** that Plaintiffs **SHOW CAUSE, THROUGH WRITTEN RESPONSE,** why this Court should not strike Plaintiffs' motion for attorneys' fees for services rendered prior to this Court's July, 1971 order **THIRTY (30)** days from the date of this Order. In Plaintiffs' written response to this Order, Plaintiffs shall also address Defendants' allegation that time spent on certain tasks during the years from 1971 to 1991 is excessive. Further it is **ORDERED** that Plaintiffs' motion for enhancement, to present day value, of Plaintiffs' requested hourly rate for services rendered prior to 1971 be **DENIED.** Additionally, it is **ORDERED** that both Plaintiffs' and Defendants' motions to engage in discovery, and for evidentiary hearing, regarding attorneys' fees be **DEFERRED.** Also, Defendants' motion to file supplemental response is hereby **GRANTED,** provided such response is filed within TEN (10) days after Plaintiffs file their response to this Order and addresses only those issues specified above. Finally, it is **ORDERED** that Plaintiffs' motion to file supplemental response be **DEFERRED.**

**DONE AND ORDERED.**