999 F.2d 772
 NATIONAL RIFLE ASSOCIATION, a not for profit corporation;
South Carolina Shooting Association, a not for profit
corporation; Greenville Gun Club, a corporation; Palmetto
Gun Club, a not for profit association; Robley Moore;
William P. Goodman; California Rifle and Pistol
Association, a not for profit corporation; Texas State
Rifle Association, a not for profit association; Unified
Sportsmen of Florida, a not for profit association,
Plaintiffs-Appellants,
v.
Lloyd BENTSEN, in his official capacity as the Secretary of
the Treasury of the United States; Stephen E. Higgins, in
his official capacity as the Director of the Bureaus of
Alcohol, Tobacco and Firearms, United States Department of
Treasury, Defendants-Appellees.
 No. 92-2261.
 United States Court of Appeals,
Fourth Circuit.
 Argued March 31, 1993.
Decided July 16, 1993.
 
 Stephen Porter Halbrook, Fairfax, VA, argued, for plaintiffs-appellants.
 Edward Himmelfarb, Civ. Div., U.S. Dept. of Justice, Washington, DC, (Stuart M. Gerson, Asst. Atty. Gen., John S. Simmons, U.S. Atty., Michael Jay Singer, Civ. Div., U.S. Dept. of Justice, Jack B. Patterson, Imelda Koett, David Lieberman, Bureau of Alcohol, Tobacco and Firearms, on brief), for defendants-appellees.
 Before PHILLIPS and WILKINSON, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 OPINION
 PHILLIPS, Circuit Judge:
 
 
 1
 The question is whether 18 U.S.C. § 924(d)(2)(B) permits an organization to recover attorney's fees for a successful legal challenge to certain regulations promulgated by the United States Bureau of Alcohol, Tobacco, and Firearms. The district court held that it doesn't, and we affirm.
 
 
 2
 * The National Rifle Association and certain other organizations and individuals (collectively NRA) sued the Secretary of the Treasury and his officer, the Director of the United States Bureau of Alcohol, Tobacco and Firearms (BATF), in the District of South Carolina, challenging the procedures employed and the substantive outcome of a BATF rulemaking authorized by the Gun Control Act of 1968, Pub.L. No. 90-618, 82 Stat. 1213 (1968), codified as amended, 18 U.S.C. §§ 921 et seq. Over one hundred regulations were implicated in the challenge. The district court invalidated part of one. On appeal, this court affirmed that determination and also struck down part of another and all of a third. National Rifle Ass'n v. Brady, 914 F.2d 475 (4th Cir.1990), cert. denied, --- U.S. ----, 111 S.Ct. 1580, 113 L.Ed.2d 645 (1991).
 
 
 3
 After rehearing, rehearing en banc, and certiorari were denied, the NRA petitioned the district court pursuant to § 104(a)(3) of the Firearms Owners' Protection Act (FOPA), Pub.L. No. 99-308, 100 Stat. 449, 458 (1986), codified at 18 U.S.C. § 924(d), to recover the attorney's fees it had expended in the litigation. That court ultimately denied the fees, concluding that the provision upon which the NRA relied doesn't permit fee recovery following a judicial challenge to a BATF rulemaking.
 
 
 4
 The NRA appealed.
 
 II
 
 5
 Before embarking on review of the NRA's claim, we briefly consider the proper approach to this question of statutory interpretation. In a duel of competing canons, the NRA urges that this remedial statute designed to encourage the vindication of civil rights be read broadly, see, e.g., Williams v. City of Fairburn, 702 F.2d 973, 976 (11th Cir.1983), while the government argues for strict construction of this waiver of sovereign immunity. See, e.g., Ardestani v. INS, --- U.S. ----, ----, 112 S.Ct. 515, 520, 116 L.Ed.2d 496 (1991). Although the Supreme Court and this circuit may appear to favor the latter position where attorney's fees statutes are concerned, see id. (interpreting attorney's fees provision in Equal Access to Justice Act); Escobar v. INS, 935 F.2d 650, 653 (4th Cir.1991); but see Ardestani, --- U.S. at ----, 112 S.Ct. at 525-26 (Stevens, J. dissenting) (noting tension between the strict construction of immunity waivers deployed in Ardestani and the broader construction based on remedial legislative intent ostensibly applied in prior EAJA cases), we need not rely on either of these interpretive guides nor seek to resolve any general tension between them, because a common-sense reading of the controlling provision, untilted by either, suffices to resolve this interpretive issue.[1]
 
 III
 
 6
 The relevant statute, 18 U.S.C. § 924(d)(2), reads:
 
 
 7
 (A) In any action or proceeding for the return of firearms or ammunition seized under the provisions of this chapter, the court shall allow the prevailing party, other than the United States, a reasonable attorney's fee, and the United States shall be liable therefor.
 
 
 8
 (B) In any other action or proceeding under the provisions of this chapter, the court, when it finds that such action was without foundation, or was initiated vexatiously, frivolously, or in bad faith, shall allow the prevailing party, other than the United States, a reasonable attorney's fee, and the United States shall be liable therefor.
 
 
 9
 Based on § 924(d)(2)(B), the NRA argues that it's entitled to attorney's fees as a prevailing party in a judicial challenge to BATF regulations promulgated without foundation under Chapter 44 of Title 18 (18 U.S.C. §§ 921-930), which concerns crimes involving firearms.
 
 
 10
 To recover a reasonable attorney's fee under § 924(d)(2)(B) on the "without foundation" theory advanced here, the statutory text plainly requires the NRA to show (1) an "action or proceeding" (hereinafter simply an "action") other than one "for the return of firearms or ammunition seized," (2) which is "under" Chapter 44, (3) which is "without foundation," and (4) with respect to which the NRA was a "prevailing party."
 
 
 11
 Hedging its bets at the outset, the NRA identifies not one but two (or maybe three) relevant "actions": "Both the regulations promulgated by defendants[2] ... and the prosecution and defense of this lawsuit[ ] were, each of them, an 'action or proceeding under the provisions of [Chapter 44].' " Appellant's Brief at 9. But the action for which the NRA sought fees below, and in which it is a prevailing party, is unquestionably the lawsuit, not the agency rulemaking. See Appellants' Reply Brief at 8-9 n. 4 ("[T]he fee petition here involves only services for litigation, not for any prior administrative proceeding.").
 
 
 12
 Examining that action, it becomes obvious that the NRA's lawsuit fails to satisfy the third of the § 924(d)(2)(B) requirements we identified above, that the action for which recovery is sought be "without foundation."[3] Far from being without foundation, the NRA's suit achieved at least part of its goal, the invalidation of certain BATF regulations. Had it been otherwise, the NRA could not now claim to be a prevailing party.
 
 
 13
 The NRA seeks to evade this result by improperly conflating its lawsuit and the agency rulemaking, arguing that § 924(d)(2)(B) permits it to recover as a prevailing party in its judicial action to invalidate an agency action that was without foundation. Section 924(d)(2)(B)'s language, however, quoted above, makes clear that the action for which fees are sought by the prevailing party and the action that is without foundation must be one and the same.[4] That's not so here, so the statute doesn't apply.
 
 IV
 
 14
 For the foregoing reasons, the NRA can't recover attorney's fees expended pursuing its lawsuit against the BATF. We therefore affirm the district court's decision to that effect.
 
 
 15
 SO ORDERED.
 
 
 
 [1]
 For that reason we also decline to consider the extensive legislative history proffered by the NRA and the arguments of both parties concerning its applicability. The strong presumption that legislative purpose is aptly expressed by the ordinary meaning of the words used in the statute "is rebutted only in 'rare and exceptional circumstances' when a contrary legislative intent is clearly expressed." Ardestani, --- U.S. at ----, 112 S.Ct. at 520 (citations omitted); see also American Tobacco Co. v. Patterson, 456 U.S. 63, 68, 102 S.Ct. 1534, 1537, 71 L.Ed.2d 748 (1982). This case presents no such circumstance
 
 
 [2]
 The regulations themselves, of course, can't constitute an action; the putative action is the rulemaking that generated them
 
 
 [3]
 This conclusion makes it unnecessary to consider the government's claim that the NRA's lawsuit wasn't brought under Chapter 44
 
 
 [4]
 That being so, only defendants are entitled to recover under § 924(d)(2)(B) in actions found to be "without foundation," because it is only defendants who necessarily prevail in such cases. The NRA's attempt to circumvent that limitation by intimating that the government's defense of its regulations in the NRA's lawsuit constitutes an action or proceeding without foundation, see Appellants' Brief at 9 (quoted earlier), must fail. Defenses against suit are not "actions or proceedings"; the suits themselves are